JOHN QUIN, plaintiff in error, vs. BERNARD G. STERNE, defendant in error.

26 223
116 8

[1.] Where the signature of a party is put, at the time it was made, upon a promissory note, payable to another or bearer, and held by the payee continuously from the execution and delivery of the note, the location alone of the signature is not to control in settling the liability of the parties.

[2.] The signature of the maker of a note, is usually below, at the right hand; it is not essential, however, that it should be there; and it matters not in what part of the note it is placed, provided it can be ascertained who the maker is. And the same doctrine applies to indorsers.

[3.] There are but two original parties to promissory notes—makers and payees —and so long as the papers remain in the hands of the payee, the idea of an indorsement is excluded.

Debt, from Muscogee county. Tried before Judge WORRILL, May Term, 1858.

The facts of this case are fully set forth in the opinion of the Court.

WELLBORN, JOHNSON & SLOAN, for plaintiff in error.

L. T. DOWNING, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

On the 25th of March, 1857, Timothy Quin and S. B. Beaumont gave their note to B. G. Sterne or bearer, for $197 93, payable at the Agency of the Union Bank, at Columbus. On the back of this note John Quin wrote his name. The plaintiff, in his writ, charged all three of the parties with having made and delivered to him this note. That is, the declaration, in effect, alleges that all three signed the note before it was delivered to the payee. The declaration was demurred to on account of the misjoinder of parties; and after the note was read, the defendant moved to nonsuit the plaintiff. Both of his motions being overruled, the defendant, by his counsel, excepted.

Quin vs. Sterne.

[1.] It is immaterial upon what part of the note the name of the maker is written. The declaration avers that all the parties to this note signed it before it was delivered to the plaintiff. The demurrer to the declaration admits the fact, which is no doubt true; and the note as written sustains the declaration.

[2.] Whatever may be the legal interpretation of a note written payable to A. B. or order, the doctrine does not apply to a note like this payable to another or bearer. Suppose this note had been originally signed by Timothy Quin and S. B. Beaumont, and Sterne, the payee, had passed it by delivery, and it had been subsequently negotiated to John Quin, who endorsed it back to Sterne. In that event, he would be liable to Sterne upon his endorsement. So that he may be made chargeable as maker, under the case as it now stands, or even had he put his name upon the back of the note afterwards, he might be held liable to Sterne as indorser.

[3.] The note being payable to bearer, there is no ground to assume that the name of the payee was to precede the defendant's, as was argued in the case of *Collins & Everett,* 4 *Ga. Rep.* 266, was the construction of the instrument where the note was payable to order. *Story on Prom. Notes, sec's* 34, 152; *Chitty on Bills, Top. p.* 152; 16 *East.* 12; *Rex vs. Strain,* 1 *Stra.* 18; *Ross on Bills and Notes, Law Lib. vol.* 57, *Top. p.* 194; 2 *Burrows,* 669; 8 *Pick. Rep.* 122, 427; 24 *Ib.* 64; 4 *Cowen,* 400.

Judgment affirmed.