## AMERICAN CAR COMPANY *v.* ATLANTA STREET RAILWAY COMPANY *et al.*

1. When a promissory note payable at a future day, signed by the purchaser of personal property as principal and by other persons as sureties, was given for a balance due upon the contract of purchase, and at or about the time of the maturity of such note the principal with the same sureties and one other renewed the original note, the principal then having full and complete knowledge of certain defects in the property, which knowledge had been acquired after ample opportunity for observing and ascertaining the character and condition of the property, neither such principal nor the sureties upon the second note could defeat a recovery in an action thereon, by setting up the defense of "failure of consideration" based upon

the existence of such defects; especially is this so when such principal after the giving of the second note repeatedly in writing acknowledged liability thereon and promised to pay the same.

2. The question whether in such case any of the sureties who signed the first note, if they did so in ignorance of the defects in such property at the time of signing the second note, could for that reason avail themselves of any other defense, is not now for decision.

3. In view of the undisputed facts of this case, the principal defendant's knowledge, at and before the time when the note sued on was executed, of the defects in the property, was fully established, and it was therefore error to submit to the jury for their determination the question whether or not such knowledge existed; and under the evidence as a whole the verdict was wrong.

Argued January 16,—Decided February 22, 1897.

Complaint on note. Before Judge Reid. City court of Atlanta. March term, 1896.

*Fulton Colville*, for plaintiff. *Anderson, Felder & Davis* and *Daley & Hall*, for defendants.

COBB, Justice.

The American Car Company brought suit against the Atlanta City Street Railway Company as principal, and Aaron Haas and others as sureties, on a promissory note dated August 7th, 1893, for two thousand and twenty-five dollars besides interest. The defendants pleaded: "That the consideration of the note sued on was six car-bodies purchased by the Atlanta City Street Railway Company from the said American Car Company, for the sum of $————. All of the said amount was paid except the sum of $2,025, which was represented by the note sued on. . . . That the consideration of the note sued on has partially failed; that is, to the extent of $2,025, for the reason that said car-bodies were not merchantable and reasonably suited to the uses intended, in that they were not properly constructed, the roofs of the cars being leaky and the joints very defective." The evidence left no reason for doubt as to the following

particulars, viz: that the cars went into service about the first week in June, 1893; that the Atlanta City Street Railway Company had abundant opportunity to discover the defects in the cars which were complained of on the trial; and that such defects were known before the note sued on was given. It also appeared that the note sued on, dated August 7th, 1893, was in renewal of another note for the same consideration, dated April 11th, 1893, and that the president of the company knew all about the defects complained of at the time this last note was signed. The jury found for the plaintiff fifty dollars, and the court refused to grant a new trial at its instance.

1. As the principal and sureties all united in the common defense of partial failure of consideration, and the sureties entered no plea peculiar to their contract of suretyship, they must stand or fall by the fate of their principal under the pleadings and the evidence. At the time the note sued on was given, the Atlanta City Street Railway Company had full knowledge of the defects in the property, and, notwithstanding such knowledge, executed and delivered to the plaintiff its promissory note. It thereby waived its right to take advantage of the defects which were then known, and will not be allowed to set up the same in defense to an action on the note. Especially is this true, when it appeared that, in addition to the giving of a new note, it through its president had repeatedly, before and after the date of the note, admitted in writing the liability of the company thereon, and promised to pay the same. *Edison Electric Co.* v. *Blount et al.*, 96 *Ga.* 272; *Harder* v. *Carter*, 97 *Ga.* 273.

2. As already indicated, the sureties who signed the notes, not having pleaded any facts which would discharge them from liability on the contract of suretyship, really presented no defense to the action other than that relied on by their principal, and it having been shown that this defense was not sustainable, there was no reason for not holding them liable. Whether these sureties would be bound by the

waiver of their principal if the facts were unknown to them at the time they signed the last note, or whether for that reason they could avail themselves of any other defense, is not now for decision. If they really had a complete defense to the first note, and the holder knew it, and if in igno- rance of the facts upon which that defense could have been predicated they signed the second note and renewed their con- tract of suretyship, they might by proper pleadings and proof have presented the question whether or not, under such circumstances, they would be discharged from liability thereon; but they did not pursue this course, and therefore no such question is made by the present record.

3. Under the evidence there can be no doubt about the principal defendant's knowledge of the defects in the prop- erty at the time the second note was given. This being true, it was erroneous for the judge to charge the jury in such a way as to submit to them the issue as to whether such fact had or had not been proved. The fact was clearly established, and the charge of the court being such as to convey to the jury the impression that there could be a finding to the contrary, it was calculated to mislead them.

Taking into consideration the whole evidence, the verdict was wrong and should have been set aside by the court.

*Judgment reversed. All the Justices concurring.*