### ATLANTA CONSOLIDATED BOTTLING COMPANY *et al.* *v.* HUTCHINSON & SONS.

1. Under the principle laid down in *American Car Co.* v. *Atlanta Street Ry. Co.*, 100 *Ga.* 254, and cases therein cited, one who gives a note with full knowledge of facts which would relieve him from liability for a portion of the debt represented in such note can not, in defense to an action thereon, subsequently set up those facts.
2. A guaranty by a seller, to one who purchases for the purpose of reselling, to maintain for a specified season the price of the goods sold, is not applicable, when it appears that the buyer did not himself sell or dispose of the goods during that season.
3. Applying this rule to the facts alleged in the present plea, the defendant, at the time of giving the notes sued on, either knew with certainty of the acts and conduct of plaintiff, now alleged as a defense, or was not protected by the alleged guaranty.

Submitted December 6, 1899. — Decided January 26, 1900.

Complaint. Before Judge Reid. City court of Atlanta. May term, 1899.

*Thomas L. Bishop*, for plaintiffs in error.
*Slaton & Phillips*, contra.

LEWIS, J. Hutchinson & Sons brought suit against the Atlanta Consolidated Bottling Company, Lee Hagan, and D. W. Liddell, in the city court of Atlanta, on three unconditional promissory notes, each for $115.53, given on January 10, 1898, and due respectively on July 20, August 20, and September 20, after date. It appears from the record that these notes were signed by the Atlanta Consolidated Bottling Company through Lee Hagan, manager, and that each one was indorsed by Hagan

and Liddell. The notes were correctly copied on the original petition; but it seems that the clerk, in the copies served on the defendants, omitted to copy the entry of indorsement by Hagan and Liddell. The following is substantially the defense set up by the defendants' pleas to the action : It was admitted in the answer that notes had been given to plaintiffs in the amount sued for, signed by the defendant company, and indorsed by Hagan and Liddell; but they deny they had been sued upon these notes, but upon three notes executed by the defendant company alone. It was further charged that the notes were obtained by fraud and misrepresentation, in this, that the defendant company purchased a large lot of soda stoppers from the plaintiffs under an express guarantee by the plaintiffs that they would maintain the price, and that they would protect for one year the price for which they sold the stoppers to defendant; that after the stoppers were delivered to defendants and the notes given, they discovered plaintiffs had practiced fraud by not protecting the price as agreed, and by selling to others in violation of their guarantee, and to defendants' damage, stoppers at a considerably less price than the sum charged defendants. It seems this was demurred to on special grounds, and the defendants undertook to meet the demurrer by filing a second amendment, in which it was charged that on July 1, 1895, defendant wrote to plaintiffs that it had ordered large bottles, and that it would be in the market for stoppers for the bottles ordered, but that defendant had been informed that the patent on the stoppers which the plaintiffs were then manufacturing was about to expire, and that the price would be materially decreased ; and that it did not wish to buy a large quantity at that time unless protected in the price. It was further alleged in this amendment that on July 5, 1895, in answer to this letter, plaintiffs below made the following reply : "We are in receipt of your order for 10 gross of No. 4, Rubber and I extractor, and the same has our attention, and shipped this day by American Express. In regard to stoppers, will say that the price has not yet been reduced. The patent has not yet expired, and we have not decided at what day the price will be reduced. We will say, however, that we will give you every advantage, and

if you are wanting any large amount we will make it to your interest to give us your order, and will protect you against any decline during the present season." The plea as thus amended was demurred to on the ground that it constituted no defense; that the notes sued on were made long subsequent to the alleged agreement set up in the amended plea; that the plea fails to set up any agreement; and that there was no consideration for such alleged agreement. To the judgment of the court sustaining this demurrer the plaintiffs in error except.

1. The allegation in the pleadings to the effect that the defendants had not been sued upon the notes which they executed, not being sustained by the record, of course amounts to nothing. The principle announced in the first headnote is well-settled law. One who gives a note, or makes an unconditional promise in writing for the payment of a debt after the same has been contracted, waives all defenses of which he had full knowledge at the time such a settlement by written contract was made. See *Edison Co.* v. *Blount*, 96 *Ga.* 272; *American Car Co.* v. *Ry. Co.*, 100 *Ga.* 254; *Lunsford* v. *Malsby*, 101 *Ga.* 39; *Blount* v. *Edison Co.*, 106 *Ga.* 197.

2, 3. We think the principle above is clearly applicable to the facts pleaded in this case. The defendants below, by their plea, resisted a collection of these notes on the ground of a failure on the part of the vendors of the goods, for which the notes were given, to comply with their written guarantee with reference to maintaining the price. The only paper insisted upon as such guarantee is the letter written by Hutchinson & Sons to the defendant company, dated July 5, 1895. The only promise embodied in that letter is to the effect that if the defendants desired any large amount of the goods, they would be protected "against any decline during the present season." It does not appear from the pleadings what period of time the expression, "present season," would include. It is fair to infer that it would not extend longer than the remainder of the year in which this letter was written. Under the defendant's plea, it is not pretended it covered a period of time longer than one year. It will be noted that the notes for the goods were not given until nearly three years after the making

of this alleged contract guaranteeing a protection against any decline in the price of goods.    If, then, the defendant company bought the goods during that season, and placed them upon the market before the expiration of the season contemplated by the parties, it, of course, had thorough knowledge of any decline in price when the notes were given in settlement of the goods nearly three years thereafter.    If it did not purchase the goods which constituted the consideration for the notes sued on, or place the same upon the market during the season referred to in the letter of the vendors of July 5, 1895, then evidently there was no contract binding upon the vendors to protect the vendee against such decline.    It is evident that the buyer either did or did not sell or dispose of the goods during the season in which it was promised protection by the letter of the sellers. If it sold the goods at a loss, then it certainly knew of their decline in price when the notes were afterwards given therefor. If it failed to sell during this season, or sold them at a loss subsequently to its expiration, then the defendant disposed of the goods at a time when it had no sort of promise or guarantee on the price from the vendors.

Applying the principles of law above enunciated to these facts, we think there was no error in the judgment of the court sustaining the demurrer to the pleas; and the writ of error being palpably without merit, damages are awarded against the plaintiffs in error for bringing the case here for delay.

*Judgment affirmed, with damages. ; All the Justices concurring.*