## 6602.  BLALOCK *v.* BRANTLEY.

Where the maker of a promissory note, at and before its execution, knew of the defects in the property for which the note was given, he can not defeat a recovery in an action thereon by setting up the defense of a failure of consideration based upon the existence of such defects, especially when the note was signed more than two months after the property was received and used, and when the maker made a partial payment on the note more than a year subsequent to its execution and to the receipt and use of the property. *American Car Co.* v. *Atlanta Railway Co.*, 100 *Ga.* 254 (28 S. E. 40) ; *Lunsford* v. *Malsby*, 101 *Ga.* 39 (28 S. E. 496); *Blount* v. *Edison Electric Co.*, 106 *Ga.* 197 (32 S. E. 113) ; *Atlanta Bottling Co.* v. *Hutchinson*, 109 *Ga.* 550 (35 S. E. 124).

DECIDED FEBRUARY 3, 1916.

Appeal; from Brooks superior court—Judge Thomas.  May 4, 1915.

*Branch & Snow,* for plaintiff in error.

*Bennett & Harrell,* contra.

BROYLES, J. The suit was for an unpaid balance on a promissory note given the plaintiff by the defendant for commercial fertilizers. It appeared that the note was executed on May 28, 1912, for $124.36, and was to become due on October 1, 1912.  There was a credit on it of $60, dated October 11, 1913.  The suit was brought on December 2, 1914.  The defendant in his answer pleaded a total failure of consideration, and alleged in substance the following facts: that on or about February 23, 1912, he purchased the fertilizers from the plaintiff for the consideration expressed in the note, and that the plaintiff agreed to deliver the fertilizers at the railroad station of the defendant within ten days after the order was given; that the defendant returned to his home and prepared his land for the fertilizers, in order to make a crop thereon, and waited fourteen days for the plaintiff to make delivery, and that finally the plaintiff delivered the fertilizers, twelve days later than the time agreed upon; that the defendant bought the fertilizers for the purpose of using them in growing cotton, which defendant proposed to plant upon eighteen acres of land; that the customary and necessary way to prepare such land for growing cotton is to place the fertilizers in the ground and allow them to remain there from two to three weeks, so that the rain can fall thereon and get the land thoroughly prepared for the reception of the cottonseed, but that, because of the delay of the plain-

tiff in delivering the fertilizers he (the defendant) was forced to place the cottonseed in the land immediately after placing the fertilizers therein, thereby preventing the land from making a crop of cotton thereon; that defendant's cropper attended the eighteen acres of cotton in a careful and workmanlike manner, and carefully cultivated the same, but, at the end of the season, the eighteen acres only produced one bale of cotton; that had it not been for six bales of cotton. The plaintiff demurred to the answer as failing to set forth a legal defense, and the court sustained the demurrer and struck the answer, and directed a verdict for the plaintiff for the full amount sued for.

The court did not err in striking the answer and directing the verdict. The ruling stated in the headnote does not require elaboration.                    *Judgment affirmed.*