10423.   BURKHALTER *v.* CONLEY *et al.*

BLOODWORTH, J. The judge of the superior court did not err in overruling the certiorari.

 *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 10, 1919. REHEARING DENIED NOVEMBER 5, 1919.

Certiorari; from Tattnall superior court—Judge Sheppard. February 7, 1919.

The signature "W. T. Burkhalter, indorser," under the signature "W. L. Strickland," appeared on the back of a promissory note signed by J. F. Burkhalter as maker, upon which the persons named were sued in a justice's court by the payee, L. P. Conley. W. T. Burkhalter filed an answer, admitting that the plaintiff was entitled to a judgment against the defendants, but praying that the judgment be "only against this defendant as indorser and against J. F. Burkhalter and W. L. Strickland as principal debtors so far as the rights of this defendant are involved;" it being alleged that he signed the note after it had been executed by the other defendants and at their request, as indorser for both of them, so

indicating on the note, and so stating to them at the time of turning it over to them. On the trial it was admitted that the plaintiff was entitled to a judgment for the amount sued for. W. T. Burkhalter testified, that after having refused to indorse a note for J. F. Burkhalter to buy an automobile from W. L. Strickland, who was an automobile agent and salesman, Strickland came to him and asked him to indorse a note to be made payable to L. P. Conley for $500, so that J. F. Burkhalter would have money enough to buy an automobile, stating that he (Strickland) would sign the note with him (W. L. Burkhalter); whereupon he stated to Strickland that he would not indorse the note for J. F. Burkhalter, but would indorse it for Strickland; that Strickland replied that this would be satisfactory, and two or three days later returned with the note sued on, bearing the signatures of J. F. Burkhalter and Strickland, and asked him to indorse it; whereupon he indorsed it "and limited his liability thereon by writing immediately after his name the word 'indorser,'" and J. F. Burkhalter and Strickland accepted it and negotiated it for value to both of them, Strickland receiving commissions on the sale of the automobile; that he (W. T. Burkhalter) got nothing. Strickland testified that "he did not remember W. T. Burkhalter telling him that he would not indorse the note sued on for J. F. Burkhalter; that he understood that both he and W. T. Burkhalter were jointly liable to the plaintiff on the note; that he (Strickland) was surety on the note;" that the $500 was paid to the automobile company on the machine bought, and he got commissions on the sale. The plaintiff testified that J. F. Burkhalter and Strickland came to him and wanted to borrow the $500 to aid J. F. Burkhalter to buy an automobile from Strickland. The plaintiff and Strickland, and other witnesses, testified to a statement of J. F. Burkhalter, made when W. T. Burkhalter was not present, that W. T. Burkhalter would indorse the note for him. This testimony was admitted over the objection that it was hearsay. One of these witnesses testified that the plaintiff turned over to him a check for $500, with instruction to turn it over to J. F. Burkhalter when W. T. Burkhalter indorsed the note. This was done. Payments by Strickland, credited on the note, reduced it to the amount sued for.

The verdict was "for the plaintiff," and the court entered judgment thereon against all the defendants. W. L. Burkhalter sued

out certiorari, contending that the verdict and judgment were unauthorized, because they made him a joint obligor with the other defendants; that the verdict and judgment should have been against J. F. Burkhalter as principal, W. L. Strickland as surety, and W. T. Burkhalter as indorser. It was contended also that the court erred in admitting the testimony objected to.

The judge of the superior court, in his judgment overruling the certiorari, said: "The main question to be determined is whether or not W. T. Burkhalter, who signed on the back of the note, after his name, the word 'indorser,' limits his liability, or whether such indorsement makes him a surety only. After carefully reading the authorities cited by both parties, the court is of the opinon that the word 'indorser,' following 'W. T. Buckhalter,' on the note does not change the nature of the liability, and may be treated more as surplusage, the note being made by J. F. Burkhalter as maker to L. P. Conley, and indorsed on the back by W. L. Strickland and W. T. Burkhalter, indorser, and the suit being in the name of the original payee against J. F. Burkhalter as maker, and W. L. Strickland and W. T. Burkhalter as sureties. 61 *Ga.* 112; 26 *Ga.* 223; 4 *Ga.* 266. Under the act of December, 1826, persons who sign on the back of a note made by one party to another, or order, were made liable as sureties or joint promisors. The case at bar seems to fall well within that rule, and the mere limitation in the term 'indorser' would not change the real status, if as a matter of fact the indorsement of W. T. Burkhalter, along with Strickland, was to add strength to the paper and not to negotiate title. . . Whatever may have been the understanding between Mr. Strickland and Mr. Burkhalter, it could not affect the rights of Mr. Conley in the suit." The court held that error in admitting hearsay testimony was not material.

*H. H. Elders, W. T. Burkhalter,* for plaintiff in error, cited: Civil Code (1910), §§ 4275, 4279, 4268 (1), 5752, 5788, 3538, 3541; 103 *Ga.* 508; 79 *Ga.* 736 (1); 97 *Ga.* 772 (2); 99 *Ga* 303 (1); 112 *Ga.* 476 (1); 116 *Ga.* 8, 830 (1), 933; 101 *Ga.* 226 (1); 7 Cyc. 828; 32 Cyc. 21 (B); 4 Am. & Eng. Enc. L. (2d ed.), 477-8, par. 5.

*H. C. Beasley,* contra, cited: Civil Code (1910); §§ 3538, 3541; 90 *Ga.* 307, 309; 61 *Ga.* 112 (2), 114; 26 *Ga.* 223; 112 *Ga.* 476; 97 *Ga.* 127 (4); 62 *Ga.* 73 (2); 79 *Ga.* 736 (1).