## 12844.  McGinnis· v. McCormick et al.

Broyles, C. J.  1.  Where the maker of a promissory note renews it, he cannot set up fraud in the procurement of the original note if he knew of the fraud at the time he executed the renewal note. The making of the renewal note under such circumstances is a waiver of the fraud and a recognition of the validity of the original note, and amounts to a ratification thereof.  See, in this connection, *American Car Co.* v. *Atlanta Street Railway Co.,* 100 *Ga.* 254 (28 S. E. 40);  *Montfort* v. *Americus Guano Co.,* 108 *Ga.* 12 (33 S. E. 636); *Atlanta Bottling Co.,* v. *Hutchinson,* 109 *Ga.* 550 (35 S. E. 124); *Hogan* v. *Brown,* 112 *Ga.* 662 (37 S. E. 880); *Cooper* v. *National Fertilizer Co.,* 132 *Ga.* 529 (64 S. E. 650); *Tuttle* v. *Stovall,* 134 *Ga.* 325 (67 S. E. .806, 20 Ann. Cas. 168) 3 R. C. L., § 321, p. 1106, and notes.

2. This was a suit against three defendants upon a $1,500 promissory note given for the balance of the purchase-price of 25 shares of stock in a corporation. The defendants admitted a prima facie case in favor of the plaintiff, but pleaded a total failure of consideration and fraud in the procurement of the note. The evidence showed that, after the execution of the note sued on, the payee asked for a renewal of the note, and that one of the defendants thereupon executed for himself and the other two defendants, and delivered to to the plaintiff (the payee), three notes for $500 each, these notes to stand as collateral security in obtaining loans by the plaintiff from banks. There was an issue of fact as to whether the defendant who executed the accommodation or renewal notes had authority to sign the names of his codefendants thereto. Upon the trial it was agreed by counsel for both parties that the three renewal. notes represented the same debt as the original note sued on, and were given as accommodation notes to the plaintiff, and that a judgment upon the note sued on should "operate as an extinguishment of any and all liability" on the three renewal notes. When the principle of the ruling in the first paragraph above is applied to these facts, it was error for judge to instruct the jury as follows: "I charge you that if subsequent to their [the defendants] becoming apprised of the true condition surrounding the corporation at the time of the original transaction, they executed renewal or accommodation renewal notes, it would not constitute a ratification of the original notes, and they would not be estopped from setting up their defense in this suit." It should have been left to the jury to determine whether, under all of the particular facts of the case, the execution of the accommodation or renewal notes (if they were executed by the defendants or if the defendants' names were signed thereto by some one authorized to do so) amounted to a waiver of the alleged fraud in the procurement of the original note.

3. The only fraud pleaded by the defendants was actual fraud, and it was therefore error for the court to charge the jury upon constructive fraud. It was also error for the judge, immediately after his instructions upon the subject of constructive fraud, to charge, without any qualification, that "fraud voids all contracts." A contract will not be avoided by fraud, if the fraud be waived.

4. Grounds 9 and 11 of the amendment to the motion for a new trial complain of excerpts from the charge of the court which instructed the jury, in effect, that the burden was upon the plaintiff to show by a preponderance of the evidence that the note sued on was not procured by fraud, and to establish the truth of the allegations of his petition. These instructions were error, as the defendants had admitted a prima facie case in favor of the plaintiff, and therefore the burden was upon them to establish by a preponderance of the evidence the truth of their defenses.

5. Under the statute which prohibits any expression or intimation of opinion by the judge to the jury as to what has or has not been proved, it was error for the court to charge as follows: "It is immaterial that the stock became worthless after the purchase by the defendants, if the defendants knew of the facts at the time of the purchase and bought the stock with the knowledge of the conditions surrounding it and had not been induced to buy from fraud." This charge was an intimation by the court that the stock had become valueless after the purchase by the defendants.

6. The remaining special grounds of the motion for a new trial show no material error.

7. The verdict was not demanded by the evidence, and the errors in the charge of the court require another trial of the case..

*Judgment .reversed. Luke and Bloodworth, JJ., concur.*
DECIDED JANUARY 19, 1922.

Complaint; from city court of Cartersville — Judge Aubrey. August 11, 1921.

*Neel, Finley & Neel,* for plaintiff.

*M. B. Eubanks, W. C. Henson,* for defendants.