## 27173. COOK *v.* GRIFFIN.

BROYLES, C. J. 1. "The holder, as the transferee, of a negotiable promissory note, is presumably a holder in due course. In a suit thereon by him against the maker, where the defendant pleads that the plaintiff is not a holder in due course, the burden is upon the defendant to establish this allegation in the plea." *Cairo Banking Co.* v. *Hall*, 42 *Ga. App.* 785 (2) (157 S. E. 346); Code, § 14-509.

2. "A bill or note indorsed in blank is transferable by delivery, and the indorsement, so long as it continues in blank, makes the bill or note in effect payable to bearer. Possession of such a negotiable instrument proves property. Chitty on Bills, 253-255; Stirling *v.* Bender, 7 Ark. 201 (44 Am. D. 539)." *South* v. *People's National Bank*, 4 *Ga. App.* 92 (2) (60 S. E. 1087); *Nisbet* v. *Lawson*, 1 *Ga.* 275, 284; *Culpepper* v. *Culpepper*, 18 *Ga. App.* 182 (3) (89 S. E. 161); *Edwards* v. *Camp*, 29 *Ga. App.* 556 (2) (116 S. E. 210).

3. Applying the foregoing rulings to the facts of the instant case, the evidence for the plaintiff showed that he was presumably a holder in due course of the note sued on; and the evidence for the defendant failed to

sustain his pleaded allegation that the plaintiff was not such a holder. It follows that the direction of a verdict for the plaintiff was not error. *Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED MARCH 3, 1939.

*John S. Gibson,* for plaintiff in error.
*Quincey & Quincey, Mingledorff & Roberts,* contra.