30977. MEADOWS MILL COMPANY *v.* YAWN.

DECIDED MARCH 13, 1946.

*Thomas J. Sappington, W. S. Mann,* for plaintiff.

*W. A. Wooten, Will Ed Smith,* for defendant.

MACINTYRE, J.   The judge charged the jury the law of agency,

and that the express warranty in the order would be effective and would exclude an implied warranty *only* in the event that the jury found that Daniel Implement & Truck Company was the agent of the plaintiff; that if they so found, then the defendant could not set up an implied warranty unless the defendant delivered said mill back to the place where received, or offered to do so and the plaintiff waived delivery; and that, if the defendant offered to return said mill to Daniel Implement & Truck Company, and Daniel Implement & Truck Company was the agent of the plaintiff and refused delivery, then Yawn could defend on an implied warranty. We assume that this was on the theory that the duties arising out of a contract are due only to those with whom it is made or to one who is in privity, and that the action at law must be brought by one of them.

The note in question was a purchase-money note describing the machinery therein for which the note was given. The warranty on which the machinery was sold was for the replacement of defective parts, which, with proper use, might break or prove defective, provided the defective part was promptly returned; that if the machinery after fair trial and within two days after the first use failed to work properly, and prompt notice was given, a man would be sent within a reasonable time to put the machine in order; and if it still failed to work, the purchaser should promptly return the machinery to the place where delivered to him. The contract for the purchase of the sawmill included the following warranty and agreement: "No agent of the seller has authority to alter, add to, or waive the above warranties, which are agreed to be *the only* warranties given and in lieu of all implied warranties." (Italics ours.) The undisputed evidence showed that the way in which this transaction was handled was, that Daniel sold the mill to Yawn, and Daniel in turn bought the mill from Meadows Mill Company. That company sent Daniel the mill which he had ordered. In making settlement with Meadows Mill Company, Daniel turned in the note and enough cash to make his settlement with the company. Instead of taking the note payable to himself and indorsing it to Meadows Mill Company, Daniel took the note made payable to the company and guaranteed it. He gave Meadows Mill Company this note in settlement of the account of Daniel Implement & Truck Company for the purchase-price of

the mill that Daniel had ordered. The way in which this transaction was handled—the settlement by Yawn of his account with Daniel for the purchase-price owed by him to Daniel—was that, at Daniel's instance, Yawn's note for the purchase-price due Daniel was made payable to Meadows Mill Company direct, and there was an equitable assignment and transfer of that indebtedness by Daniel to Meadows Mill Company with the knowledge and consent of the defendant Yawn. 4 Am. Jur. 287, 288, §§ 75, 76; 6 C. J. S. 1105, § 59; McClure v. Century Estates, 96 Fla. 568 (120 So. 4). Since the note was made payable to Meadows Mill Company direct instead of to Daniels Implement & Truck Company, the seller to the defendant Yawn, the defendant could make any defense to the note that he could have made if the note had been made payable to, and was being sued by, Daniel Implement & Truck Company. When a note is so made, payable to a third party, the payee is not a holder in due course so as to cut off defenses that would be available to the maker had the note been payable to the seller (Daniel Implement & Truck Company). Davis v. National City Bank of Rome, 46 Ga. App. 194 (167 S. E. 191).

One phase of the evidence authorized a finding that Daniel Implement & Truck Company and Meadows Mill Company, its assignee, had lived up to the written contract, and that the defendant had not complied with the condition precedent relative to the warranty as provided in the contract of sale. Another phase of the evidence tended to show a novation by parol evidence and a violation thereof. Under the phase of the evidence first mentioned, the charge excluded the rule of law applicable to it, that if the contract had been complied with by Daniel Implement & Truck Company and Meadows Mill Company, and the defendant had not complied with the condition precedent relative to the warranty provided in the contract of sale, and there was no novation, the implied warranty would be excluded under the terms of the written contract of sale itself; and it was error to charge that the implied warranty would not be excluded as stated in the contract, unless Daniel Implement & Truck Company was the agent of Meadows Mill Company. The evidence did not authorize a finding that Daniel Implement & Truck Company was the agent of Meadows Mill Company, but was undisputed that Meadows Mill Company was merely the assignee of Daniel Implement & Truck

Company. Thus, the charge on implied warranty was harmful error because there was a sharp issue of fact as to whether the defendant had complied with the condition precedent as provided in the written contract as it related to the express warranty. For this error in the charge the case is reversed.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*