## 31979. EVANS v. JOHNSON.

DECIDED MAY 22, 1948. REHEARING DENIED JUNE 5, 1948.

*William A. Thomas,* for plaintiff in error.
*Talley Kirkland,* contra.

PARKER, J. J. R. Johnson brought suit in the Civil Court of Fulton County against Mattie K. Evans on a promissory note bearing interest from date signed by the defendant. The note was made to Thomas A. Wade and transferred, by endorsement for value received, to the plaintiff. Upon the conclusion of the evidence the trial judge directed a verdict for the plaintiff for the face amount of the note and interest. The defendant made an oral motion for a new trial in accordance with the rules of the

court. The motion was denied. The plaintiff appealed to the appellate division of the court which affirmed the judgment of the trial court. The exception here is to that ruling. Since the motion for new trial raised the question of the validity of the direction of the verdict by the trial judge, it follows that if there was any issue upon which the jury should have passed it was error to direct the verdict.

The plaintiff alleged that he was the holder of the note in due course. The defendant's plea and answer denied this allegation and undertook to allege a conspiracy between the original payee and the plaintiff; that the note was signed under an emergency created by the plaintiff and the original payee, which amounted to a fraud on their part in obtaining the note; that the note was for the debt of the defendant's husband, for which she was not liable, which was known by the plaintiff; and that the note was invalid because of total failure of consideration.

The note was introduced in evidence and the plaintiff testified as follows: "I am the owner of the note sued on in this case. I purchased it for value before it became due. I knew nothing of any defense to the note prior to the time I purchased it. I never saw the defendant, Mattie K. Evans, until today in this courtroom. She never talked to me. I am the proprietor of the Cascade Hardware Company. I do not sell roofing or siding." The defendant testified: "I signed the note sued on in this case. A Mr. Wade came to my house and got my husband to sign a contract to put some brick siding on my house. After my husband signed the contract with Mr. Wade, I went to the plaintiff, Mr. Johnson, and told him that I did not want this stuff on my house, that I could not pay for it. That was before this note was signed. He told me I would have to see Mr. Wade. The circumstances under which the note was signed are: My husband had blackened my eyes; they were terribly swollen; I could not read fine print. I signed the note on the representation of Mr. Wade that it was necessary for me to sign the note if I did not want the siding on my house. Only the printed matter was on the note at that time."

It will readily be seen that the defendant's testimony did not show that the plaintiff was not the holder of the note in due course, and did not show any conspiracy between the original

payee and the plaintiff, and did not show the signing of the note under such an emergency as would make it invalid, or such as would show a fraud upon her in obtaining the note; and did not show that the note was given for a debt of her husband, or that there had been a total failure of consideration. Her testimony speaks for itself. We do not think it made an issue which should have been submitted to the jury.

" 'The holder, as the transferee, of a negotiable promissory note, is presumably a holder in due course. In a suit thereon by him against the maker, where the defendant pleads that the plaintiff is not a holder in due course, the burden is upon the defendant to establish this allegation in the plea.' *Cairo Banking Co.* v. *Hall,* 42 *Ga. App.* 785 (2) (157 S. E. 346); *Code,* § 14-509." *Cook* v. *Griffin,* 59 *Ga. App.* 562 (1 S. E. 2d, 709). "The bona fide holder for value of a bill, draft, or promissory note, or other negotiable instrument, who receives the same before it is due, and without notice of any defect or defense, shall be protected from any defenses set up by the maker, acceptor, or indorser, except the following: 1. Non est factum. 2. Gambling, or immoral and illegal consideration. 3. Fraud in its procurement." Code (Ann. Supp.), § 14-510. "Fraud in the procurement of the note, as here used, means fraud on the part of the holder thereof, and has no reference to the fraud in the contract out of which the note arose." *Brantley* v. *Merchants &c. Bank,* 22 *Ga. App.* 667 (2) (97 S. E. 109); *Watson* v. *American Nat. Bank,* 20 *Ga. App.* 402 (1a) (93 S. E. 38). Since the defendant failed to show that the plaintiff was not a bona fide holder for value of the note, the only defenses available to her were those stated in the statute. She admits signing the note; it was not based on a gambling, immoral or illegal consideration, and the defendant showed no fraud in its procurement by the plaintiff. Therefore, there was no issue to take the case to the jury, and the court did not err in directing the verdict for the plaintiff.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*