35804. PENDLEY *et al. v.* CREDIT EQUIPMENT CORP.

DECIDED SEPTEMBER 28, 1955.

*Robert B. Williamson,* for plaintiffs in error.

*W. C. Smith, Ford & Houston, P. B. Ford,* contra.

NICHOLS, J.   Although the special grounds of the motion for new trial assign error on several rulings of the trial court, the only question for decision is whether or not the plaintiff is a holder in due course, so as to prevent the defendant partnership from presenting evidence in support of its plea of failure of consideration.   If the plaintiff is a holder in due course, the defendants having admitted a prima facie case, the court properly excluded the evidence in support of the plea and was thereafter correct in directing a verdict for the plaintiff.   However, if the plaintiff was not a holder in due course, then the defendants' evidence in support of their plea of failure of consideration should have been admitted and the decision as to who should prevail left to the jury.

In *Meadows Mill Co.* v. *Yawn,* 73 *Ga. App.* 543, 549 (37 S. E. 2d 372), where a purchaser made a note payable to a third party at the seller's request, rather than to the seller, and the note was endorsed by him to the third party, this court said: "When a note is so made, payable to a third party, the payee is not a holder in due course so as to cut off defenses that would be available to the maker had the note been payable to the seller." "Under the terms of the negotiable-instruments law, the payee named in a negotiable promissory note can not be a 'holder in due course.'"   *Davis* v. *National City Bank of Rome,* 46 *Ga. App.* 194 (1) (167 S. E. 191).   "Absence or failure of consideration is matter of defense as against any person not a holder in due course."   Code § 14-305.   Accordingly, the trial court erred in rejecting the defendants' evidence in support of their plea of failure of consideration, since the plaintiff was the payee in the promissory notes sued on and not a holder in due course; and thereafter the court erred in denying the defendants' motion for new trial.

*Judgment reversed.   Quillian, J., concurs.   Felton, C. J., concurs in the judgment.*