36012. HENRY *v.* A. L. ZACHRY COMPANY.

DECIDED FEBRUARY 20, 1956—REHEARING DENIED MARCH 9, 1956.

*Casper Rich,* for plaintiff in error.

*Talley Kirkland,* contra.

NICHOLS, J. 1. The plaintiff's general demurrer to the defendant's answer was based on the ground that the answer did not set forth any defense to the check sued on. "Absence or failure of consideration is matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise." Code § 14-305. Accordingly, the defendant's plea of failure of consideration, to withstand demurrer would have to allege facts showing affirmatively that the plaintiff was *not* a "holder in due course."

The defendant's plea to show that the plaintiff was not a holder in due course is based on the language, "he took said check from a stranger with the words 'car to be free and clear of liens' on the face of the check and thereby had notice of an infirmity in the instrument." Code § 14-506 provides: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." The mere fact that the check had written thereon, "car to be free and clear of liens" would not give the plaintiff any notice of whether or not the consideration had failed, or might fail in the future. Therefore, where as here, the plaintiff was presumed to be a bona fide holder in due course, and no *facts* were alleged in the defendant's answer showing that the plaintiff was a party to any fraud or illegality affecting the instrument sued on and had no actual knowledge of any infirmity or other defect so that its action could amount to bad faith; the trial court did not err in sustaining the plaintiff's demurrer to the defendant's answer. *Carnation v. Pridgen,* 84 *Ga. App.* 768 (1a) (67 S. E. 2d 485).

538

The defendant also contends that its answer should not have been stricken in view of allegations in his answer that the check was procured from him through fraud on the part of the payee. Fraud in the procurement of a negotiable instrument as a defense, refers to fraud on the part of the holder and not fraud on the part of the person obtaining such negotiable instrument from the maker. *Evans* v. *Johnson,* 77 *Ga. App.* 277, 279 (48 S. E. 2d 159), and cases cited.

2. In view of the above ruling on the plaintiff's general demurrer to the defendant's answer it becomes unnecessary to pass on the plaintiff's special demurrers to the defendant's answer.

3. The final judgment was excepted to because of the antecedent ruling striking the defendant's answer, and since this ruling has been held not to be erroneous the trial court did not err in rendering judgment for the plaintiff.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*