36121.   STAR PROVISION CO. *v.* SEARS, ROEBUCK & CO.

DECIDED APTIL 27, 1956.

*Haas, Holland & Blackshear, Jack H. Zinkow,* for plaintiff in error.

*Daniel B. Hodgson, Alston, Sibley, Miller, Spann & Shackelford,* contra.

NICHOLS, J. Construing the pleadings in the answer of the defendant most strongly against the pleader, as must be done on demurrer, the answer, although alleging that the swine were stolen, is an attempt to set up "fraud in the procurement" as a defense to the plaintiff's petition. "Fraud in the procurement of a negotiable instrument as a defense, refers to fraud on the part of the holder and not fraud on the part of the person obtaining such negotiable instrument from the maker. *Evans* v. *Johnson,* 77 *Ga. App.* 277, 279 (48 S. E. 2d 159), and cases cited." *Henry* v. *A. L. Zachry Co.,* 93 *Ga. App.* 536, 538 (92 S. E. 2d 225).

The answer does not purport to charge the plaintiff with fraud in the procurement, for the answer admits that the plaintiff is a holder in due course, and the argument by the defendant's counsel that the consideration for which the check was given was illegal and immoral need not be considered) inasmuch as the answer fails to plead this defense, and only shows that the swine were stolen to support the contention that the seller of the swine induced the defendant partnership to purchase the swine by falsely asserting that he had good title to the swine, and it need not be decided whether or not a plea that the check was void because the swine were stolen from the United States Government would withstand demurrer.

Therefore the trial court did not err in sustaining the plaintiff's demurrer to the answer and in thereafter rendering judgment for the plaintiff.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*