37733. MARKAN REALTY COMPANY *v.* KLARMAN.

704

*M. L. Kahn*, for plaintiff in error.

*Abraham J. Wolcott*, contra.

Nichols, Judge. ■ The defendant's answer, among other things, alleged a failure of consideration and denied that she was indebted to the plaintiff as of the date the check was issued.

The check sued on was made payable to the plaintiff, and under the decisions of this court in the cases of *Davis* v. *National City Bank of Rome*, 46 *Ga. App.* 194 (1) (167 S. E. 191), and *Pendley* v. *Credit Equipment Corp.*, 92 *Ga. App.* 658 (89 S. E. 2d 567), the payee cannot be a holder in due course of a negotiable instrument so as to preclude a defense of failure of consideration unless the instrument on which the action is based is a renewal instrument of a negotiable instrument held by such payee as a holder in due course. See 8 Am. Jur. 96, Bills and Notes, § 358, and *Credit Equipment Corp.* v. *Pendley*, 97 *Ga. App.* 868, 872 (104 S. E. 2d 718).

Here the plaintiff was named as payee in the instrument and without more being shown was not a holder in due course so as to preclude the defendant from pleading a failure of consideration. Accordingly, the trial court did not err in overruling the demurrer to the answer.

■ It is well settled that where a defendant pays a plaintiff the amount claimed to be due in a petition after the action is filed against him, or performs in accordance with the prayers of a petition for a writ of mandamus (See *Board of Education of Madison County* v. *Fowler,* 192 *Ga.* 35, 14 S. E. 2d 478), the court costs, as a matter of law, in the absence of an agreement between the parties, should be assessed against the defendant, but where no effort has been made by the plaintiff, in a case where the trial court orders such costs to be paid by the plaintiff, to have the costs retaxed, no question for decision is presented to the appellate courts (See *Carmichael Tile Co.* v. *McClelland,* 213 *Ga.* 656 (1) (100 S. E. 2d 902), and a motion for new trial would not raise such question. "The assessment of costs constitutes no part of a verdict, but is one of the duties of the court. *Southern Express Co.* v. *Maddox,* 3 *Ga. App.* 223, 225 (59 S. E. 821); *Swope* v. *McKenney,* 36 *Ga. App.* 168 (136 S. E. 89)." *Equitable Credit Corp.* v. *State of Ga.* 85 *Ga. App.* 552 (2) (70 S. E. 2d 46). In that case, as in the present case, the court heard the case without the intervention of a jury. Accordingly where, as here, no motion to retax the costs was made and the plaintiff merely argues that its motion for new trial should be granted because the court costs were illegally taxed, no question for decision is presented by such contention.

■ The record shows without dispute that the plaintiff had been paid for the check on which the action was based before the trial of the case so that the question presented by the plaintiff's motion for new trial is moot, and the exclusion of evidence as to the circumstances surrounding the issuance of such check by the defendant, if error, was harmless. See *Equitable Credit Corp.* v. *Guy Rush Paint &c. Co.,* 86 *Ga. App.* 352 (71 S. E. 2d 527).

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*