38213. FLOYD CONSTRUCTION COMPANY *et al. v.* STANLEY.

DECIDED MAY 19, 1960.

*Crawford, Leeb & Calhoun, Ralph L. Crawford, John R. Calhoun,* for plaintiffs in error.

*Anton F. Solms, Jr.,* contra.

NICHOLS, Judge. ■ This is a suit brought by the payee of a promissory note, as plaintiff, against the makers of the note, as defendants. The plaintiff being the payee in the negotiable instrument which is the subject matter of this suit is not, under the Negotiable Instruments Act, a holder in due course. *Davis* v. *Nat. City Bank of Rome,* 46 *Ga. App.* 194 (167 S. E. 191); *Pendley* v. *Credit Equipment Corp.,* 92 *Ga. App.* 658 (89 S. E. 2d 567). The plaintiff not being a holder in due course subjects the negotiable promissory note to the same defenses as if it were non-negotiable. Code (Ann.) § 14-508.

■ The defendants filed an answer in which they pleaded a failure of consideration, as well as filing a separate plea of failure of consideration, in each of which it is alleged that the consideration for the promissory note failed in its entirety be-

cause the "43 shares of stock of Stanley Aycock Construction Company were only conditionally transferable in that said stock must first have been offered to the other stockholders of the said Stanley Aycock Construction Company and purchase refused by them before plaintiff could transfer said stock to persons who were not stockholders of the said Stanley Aycock Construction Company. Such an offer was not made by the plaintiff herein as required by the by-laws of said Stanley Aycock Construction Company and said stock was transferred to Floyd Construction Company without the above described condition precedent having been met. Defendants herein were unaware that the above described condition precedent had not been complied with by plaintiff herein. Defendants further show that the other consideration given by plaintiff herein, to wit: the $4,000 promissory note of Stanley Aycock Construction was dishonored by the said Stanley Aycock Construction Company on the grounds of fraud in its procurement. Stanley Aycock Construction Company further refused to transfer the aforedescribed 43 shares of stock from plaintiff herein to the said Floyd Construction Company and further refused to recognize Floyd Construction Company as the owner of said stock." Obviously the only question to be determined here is whether or not the answer and plea of failure of consideration, as filed by the defendants in the trial court, constituted a valid legal defense. Conceding that the allegations of defendants' defensive pleadings are true, they, nevertheless, do not constitute any legal defense to this unconditional contract in writing for the following reasons:

(a) Each stock certificate has written across the top the words "conditionally transferable," and there are no allegations anywhere in the defensive pleadings of fraud or misrepresentations on the part of the plaintiff as to the stock or transfer of same. The mere words "conditionally transferable" written across the top of each certificate of stock are not per se sufficient to comply with the requirements of Code (Ann.) § 22-1915, which requires that any restriction on the transfer of stock, to be valid and binding, must be stated on the stock certificate itself. Even if the words "conditionally transferable" were sufficient to comply with Code § 22-1915, there was a lapse of time

of approximately six weeks between the date of the transfer of the stock, March 14, 1958, and the date of the execution of the note, April 29, 1958, which is the basis for this suit, and the defendants would be charged, in the exercise of reasonable prudence, with knowledge that each stock certificate bore those words "conditionally transferable", which was certainly sufficient notice to put defendants on inquiry as to what, if any, restriction there was in connection with the transfer. *Blalock* v. *Brantley,* 17 *Ga. App.* 579 (87 S. E. 836); *Atlanta Consolidated Bottling Co.* v. *Hutchinson & Sons,* 109 *Ga.* 550 (35 S. E. 124); *Kingery* v. *Yancey Bros. Co.,* 100 *Ga. App.* 178 (110 S. E. 2d 411); *American Car Co.* v. *Atlanta City Street Ry. Co.,* 100 *Ga.* 254 (28 S. E. 40).

(b)   The Stanley Aycock Construction Company is not a party to this suit and any failure or refusal to transfer the stock on their part would not and could not be construed a failure of consideration of the note here sued on, since the actions of the third party are not sufficient to defeat the rights of the plaintiff in this case.   Under the laws of this State, as applied to the defensive pleadings in this case, the defendants could, by proper action, compel the Stanley Aycock Construction Company to transfer the stock on their books and also issue new certificates to the defendants, if they were to illegally or improperly refuse to do so.   Nadler, Georgia Corporation Law, Sec. 187, p. 192; *Hilton* v. *Sylvania & Girard R. Co.,* 8 *Ga. App.* 10 (1) (68 S. E. 746).

(c)   As to the alleged failure of consideration of the $4,000 note, transferred by the plaintiff to the defendants, as part of the consideration for the $14,000 note given by the defendants to the plaintiff, because as alleged by the defendants, the same had been dishonored by the Stanley Aycock Construction Company on the grounds of fraud in its procurement by the plaintiff here, we say again, conceding these allegations to be true, they do not constitute any valid legal defense to the action on an unconditional contract in writing, where as here, the defendants are transferees of the note and are holders in due course, and as such, can enforce the collection of the same against the makers, for the defense of fraud in the procurement of such

note would not be available to the makers of the note in an action by the defendants here against said makers. " 'Fraud in the procurement of a negotiable instrument as a defense, refers to fraud on the part of the holder and not fraud on the part of the person obtaining such negotiable instrument from the maker.' *Evans* v. *Johnson*, 77 *Ga. App.* 277, 279 (48 S. E. 2d 159), and cases cited; *Henry* v. *A. L. Zachry Co.*, 93 *Ga. App.* 536, 538 (92 S. E. 2d 225)." *Star Provision Co.* v. *Sears Roebuck & Co.*, 93 *Ga. App.* 799, 801 (92 S. E. 2d 835).

Accordingly, the trial court did not err in either order or judgment here excepted to.

*Judgment affirmed. Bell, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. I concur in the judgment and in what is stated in the opinion except that I am not at this time willing to commit myself to the proposition that a payee can never be a holder in due course.