## 40570. BROWN v. SCALES.

DECIDED FEBRUARY 13, 1964.

*Schwall & Hewett, Charles E. Maxwell,* for plaintiff in error. *Cassandra E. Maxwell,* contra.

EBERHARDT, Judge. This case presents a situation of equitable estoppel or estoppel in pais whereby one is prevented from assuming inconsistent positions to the detriment of another. *Frost Motor Co. v. Pierce,* 72 Ga. App. 447 (33 SE2d 910). Here the plaintiff, Brown, was the author of and a party to an agreement between himself, the defendant and her tenant, Ann Wright, whereby defendant was not to be held for the debt arising out of the home improvement contract, and that the improvements were to be made wholly on the credit of Miss Wright, but for

which the home improvements would not have been made. Having agreed then that defendant would not be held in order to obtain defendant's permission that plaintiff might proceed with the improvements on the tenant's account and in order to get defendant's signature to the necessary application for the financing of the indebtedness by the tenant with the bank, it is now inconsistent and inequitable for him to seek judgment against her on the note.

This position appears to be further supported, at least inferentially, by the provision of *Code* § 14-508[1] that: "A holder who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter." Although plaintiff did not derive his title from a holder in due course, since the payee of a promissory note could not be one, *Davis v. National City Bank*, 46 Ga. App. 194 (1) (167 SE 191), *Meadows Mill Co. v. Yawn*, 73 Ga. App. 543, 549 (37 SE2d 372), *Pendley v. Credit Equipment Corp.*, 92 Ga. App. 658 (89 SE2d 567), *Markan Realty Co. v. Klarman*, 99 Ga. App. 703, 704 (1) (109 SE2d 907), *Floyd Const. Co. v. Stanley*, 101 Ga. App. 696, 698 (115 SE2d 231),[2] and since plaintiff could not himself be a holder in due course, having taken the note at a time when it was past due, *Code* § 14-502 (2),[3] it does appear that he was a party to the agreement not to hold the defendant on the debt represented by the note and that under the circumstances by which defendant's signature to the note was obtained it would be a fraud upon her to permit plaintiff to enforce it.

Since Brown has acquired the note from the bank and is now the holder of it, we think his position here is very similar to and no better than that of the plaintiff in *Arnold v. Johnston*, 84 Ga.

---

[1]Repealed by UCC, but similar provision is now in *Code Ann.* § 109A-3—306.

[2]The rule of these cases is now changed by *Code Ann.* § 109A-3—302 (2) which provides that "A payee may be a holder in due course."

[3]Repealed by UCC, but same provision is now in *Code Ann.* § 109A-3—302 (1-c).

App. 138 (65 SE2d 707) where the maker of a note, with the assent of the payee, had written on it: "This note is not a mortgage on any property or personal belongings of the signee; and it is agreed, that in no event will it be sued." There plaintiff was held not entitled to sue on the note.

The demurrers to the plea and answer, as well as the motion for new trial on the general grounds only, were properly overruled.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*