KAPLAN *v.* KRANTZ.

No. 15786.   APRIL 19, 1947.

*George & John L. Westmoreland* and *J. Ralph McClelland Jr.,* for plaintiff in error.

*Charles W. Bergman* and *W. O. Slate,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ Counsel for the plaintiff in error insist that the general demurrer should have been sustained because the petition for specific performance of the agreement to execute a lease was prematurely brought on June 21, 1946, since the lease was not to commence until August 5, 1946, and that the plaintiff in error would have had the right to change his mind up to the time when the lease was to become operative. *Gilleland* v. *Welch,* 199 *Ga.* 341 (34 S. E. 2d, 517), is cited in support of this contention. In that case, involving specific performance of a contract for the sale of land, it was held that, where performance was not required until a later date as fixed by the agreement, a suit for specific performance was premature when brought without waiting for the date of performance to arrive.

Whether the present suit was prematurely brought depends upon the date of performance as fixed by the sales agreement. While the lease was not to become operative until August 5, 1946, the sales contract granted an option which could be exercised, at any time, not later than six months from the date of the sales contract. Upon the exercise of this option on March 21, 1946, the date of performance became fixed as of that date, and the purchaser obtained a present right to have executed the lease provided for in

the contract, although the lease would not become operative until August 5, 1946. The failure of the defendant to comply with this agreement, after the exercise of the option by the purchaser, and the resulting obligation upon the defendant, authorized the purchaser to institute at once a proceeding for specific performance of the agreement to execute the lease, without waiting until the date when the lease should become operative. The petition here was not, therefore, prematurely brought as contended by the defendant.

■ It is also insisted that the general demurrer should have been sustained because the petition for specific performance of the agreement to execute a lease did not allege any tender. The allegations show that the purchaser exercised his option within the time provided for under the agreement, and offered to carry out the terms of the contract, but the defendant informed the purchaser that he would not lease the premises to him.

Since equity will not require a useless formality, it is unnecessary to make a tender where the vendor, by conduct or declaration, proclaims that, if a tender should be made, acceptance would be refused. *Fraser* v. *Jarrett*, 153 *Ga.* 441, 451 (3) (112 S. E. 487); *Groover* v. *Brandon*, 200 *Ga.* 153, 165 (5) (36 S. E. 2d, 84), and citations. Furthermore, while the agreement in the case under review was that the respective parties would, upon exercise of the option, execute such legal instruments as were necessary to carry out the terms thereof, there was nothing in the agreement to show that any rent would become due before the date upon which the lease was to become operative.

The present case differs on its facts from *Christopher* v. *Whitmire*, 199 *Ga.* 280 (34 S. E. 2d, 100), and *Washington Mfg. Co.* v. *Wickersham*, 201 *Ga.* 635 (40 S. E. 2d, 206).

■ Finally, it is insisted that the general demurrer should have been sustained because the written lease contract attached to the petition failed to show that there was a meeting of the minds of the respective parties, since there was no agreement to execute the standard lease form contract with reference to business property, either in the short form, or the long form, or as to many other stated provisions which it is contended were necessary to be included in a lease contract between parties leasing business property.

The written agreement in question was that, upon exercise of the option, the parties would execute such legal instruments as were necessary in the leasing of described real estate for a term of three years, commencing August 5, 1946, at a rental of $75 per month. The agreement further provided that the lease should contain a privilege of renewal. While doubtless it would have been appropriate to include in such lease many of the provisions that were insisted upon, these provisions were not necessary in order to make a binding contract to lease the described property for a term of three years at the stated rental.

The petition was sufficient to withstand the general demurrer and to meet the requirements of law, as set forth in *F. & W. Grand Stores* v. *Eiseman,* 160 *Ga.* 321, 331 (7) (127 S. E. 872), where it was said: "Where a contract for the sale of land is in writing, signed by both parties, is certain and fair, is for an adequate consideration, and capable of being performed, a court of equity, as a matter of course, will decree specific performance of the contract. *Clark* v. *Cagle,* 141 *Ga.* 703 (82 S. E. 21, L. R. A. 1915A, 317); *Funke* v. *Browne,* 145 *Ga.* 828 (90 S. E. 64). The same principle is applicable in cases of contracts for the lease of land."

Accordingly, the trial court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*