PRITCHARD et al. v. GARDNER.

WYATT, Justice. 1. This case being a suit for specific performance of a lease contract covering realty and for injunction, and the general grounds of the motion for new trial having been expressly abandoned, no statement of facts is deemed necessary.

2. The first ground of the amended motion for new trial complains of the following excerpt from the charge of the trial court: "If there were any acts by Mr. Gardner, in regard to the use of this other property (property located next door to and also under lease by plaintiffs from defendant Pritchard), which were contrary to the lease and not agreed to by Miss Pritchard or her authorized agent, not condoned by her, that such things would be considered by you in this case." The contention being that the defendant in the proceedings sought by cross-bill affirmative relief against the plaintiff by praying that he be enjoined from using other property than the property here involved, for purposes other than those provided for under the terms of the lease covering that property, and that the charge was confusing, for the reason that the jury was not instructed whether to consider this evidence

as a basis for granting the relief sought by the defendant or as a basis for denying the relief sought by the plaintiff. The charge of the court is not subject to this criticism, for the reason that, under the language used by the trial court, the jury was authorized clearly to consider this evidence on both questions, and the jury could not have been confused by this charge.

3. Ground two complains of the following excerpt from the charge: "If Mr. Gardner (plaintiff) has proved that the lease was entered into between the parties, nothing more appearing in this case, it would be the right of Mr. Gardner to take possession of the premises in question at the date stated, 1948, and occupy the same under the terms of the lease." The contention is that this excerpt from the charge was erroneous as an abstract principle of law. Ground three then contends that, after giving the above charge, the court charged the jury: "I charge you that, where a contract for the lease of real estate is in writing, signed by both parties, and is certain and fair and for a valuable consideration, capable of being enforced, a court of equity, as a matter of law will decree specific performance. I charge you, however, gentlemen, that specific performance is not a remedy which either party can demand as a matter of absolute right and will not in any given case be granted unless stricty equitable and just." The contention is that the court should have retracted the statement first above quoted. *Kaplan* v. *Krantz,* 202 *Ga.* 194 (42 S. E. 2d, 371), *Black* v. *Milner Hotels,* 194 *Ga.* 828 (22 S. E. 2d, 780), and other cases are cited as authority for the contention that the first-quoted excerpt was not a correct statement of an abstract principle of law. *Stonecypher* v. *Elliott,* 181 *Ga.* 438 (182 S. E. 587), *Rowe* v. *Spencer,* 132 *Ga.* 426 (64 S. E. 468), and other cases are cited for the proposition that, when an incorrect charge has been given to the jury, and later the correct charge is given, the first or incorrect charge should be retracted. We are familiar with these authorities, but do not consider them applicable in the instant case. The two excerpts here complained about must be considered together and, thus considered, are not in conflict, and state the law correctly. Quite clearly the trial judge could say only one thing at a time. The second excerpt was a qualification of the first, and a correct qualification.

4. Ground four complains of the denial of the motion for new trial on the ground that counsel for the defendant in error propounded to a witness the following question: "Was it (referring to the occurrence of an event) after we had the hearing before Judge Andrews and you were adjudged in contempt of court?" The trial court stated in the presence of the jury that this had no place in this case, and instructed the jury to disregard the question. Under the facts in this case, this action of the judge was proper and sufficient. *Fitzgerald* v. *State,* 184 *Ga.* 19 (190 S. E. 602), deals with a situation entirely different on its facts from what happened in the instant case. From what has been said above, it follows that there is no merit in the contentions made by the plaintiff in error.

*Judgment affirmed. All the Justices concur, except Almand, J., who is disqualified.*

No. 17123. June 13, 1950. Rehearing denied July 13, 1950.

*James C. Howard Jr.,* and *Dunaway, Riley & Howard,* for plaintiffs in error.

*John E. Feagin,* contra.