## 21000. FRIEDSAM v. UNDERWOOD.

HEAD, Presiding Justice. 1. "Where a contract for the lease of
real estate is in writing, signed by both parties, is certain and
fair, is for an adequate consideration, and capable of being
performed, a court of equity, as a matter of course, will de-
cree its specific performance." *F. & W. Grand &c. Stores v.
Eiseman,* 160 Ga. 321 (7) (127 S. E. 872); *Kaplan v. Krantz,*
202 Ga. 194, 197 (42 S. E. 2d 371); *Whiteway Neon-Ad, Inc. v.
Maddox,* 211 Ga. 27, 32 (83 S. E. 2d 676). The fact that the
plaintiff had been in possession of the leased premises for a
little more than a year before he was ousted from them
would not prevent him from obtaining the relief of specific
performance for the almost nineteen years remaining under
the contract.

2. Counsel for the defendant contends that the lease contract
"is unilateral in that it seeks to bind defendant in error for
a period of 20 years with no corresponding obligation on the
plaintiff in error." The contract provides that the plaintiff
has leased described property from the defendant for a period
of twenty years, and that the annual rental to be paid for the
property is $1,373, payable on January 15 in each year com-
mencing on January 15, 1957. There is no merit in the con-
tention that the contract is unilateral. *Turman v. Smarr,* 145
Ga. 312 (3) (89 S. E. 214).

3. "The petition having sufficiently alleged repudiation of the
contract by the defendant, no allegation of continuing tender
was necessary." *Black v. Milner Hotels,* 194 Ga. 828, 832
(22 S. E. 2d 780), and cases cited; *Sikes v. Sims,* 212 Ga.
391 (3) (93 S. E. 2d 6).

4. It was error to sustain the general demurrers to both counts
of the petition.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1960—DECIDED NOVEMBER 10, 1960—
REHEARING DENIED DECEMBER 5, 1960.

*John S. Averill, Jr., D. Warner Wells, T. Reese Watkins,*
for plaintiff in error.
*A. C. Felton, III, Byrd & Quillian,* contra.