32901. TRIO MOBILE HOMES, INC. v. WEST et al.

JORDAN, Justice.

Trio Mobile Homes, Inc., appeals from a judgment entered by the trial judge, sitting without a jury, denying a writ of possession to it, and requiring it to specifically perform a contract entered into between James Tyroff, Jr., its president, and Norbert J. West.

Trio brought a dispossessory proceeding against West and Dale Dixon, alleging that West is a tenant at will in possession of its described property; that Dixon is also in possession; and that West had been given 60 days notice to surrender possession but has refused to give

possession and has failed to pay the rent due on the property.

West asserted that he had a valid written lease for ten years and had paid, or offered to pay, the rent due. Dixon asserted that he occupied the premises under an agreement with West.

Tyroff and West signed a written agreement on May 17, 1975. Trio contends that the agreement was not a valid lease, and that Trio is not bound by the agreement of Tyroff.

The agreement signed by Norbert J. West and James Tyroff, Jr., was handwritten. It provided as follows: "James Tyroff agrees to lease to Norbert J. West for a period of five (5) years for Two Hundred ($200) Dollars per month payable monthly beginning June 1, 1975, all of that vacant lot with 234 feet frontage on the East Side of Tara Blvd. beginning at the south corner of Dixon Rd. Clayton County Ga. Norbert J. West has the option to renew this lease for an additional five (5) years for the sum of $300 (three Hundred) per month payable monthly. Building, equipment added to property will remain the property of Norbert J. West. No footings or foundations may be left above ground after end of lease. All or any portion of lot may be graveled or asphalt topped and may be left on lot after lease. Norbert J. West or his heirs have the option to purchase this property for the sum of $90,000 during the first 12 months of this lease. Known as 8296 Tara Blvd. Jonesboro, Ga. Agreed to this 17th day of May 1975."

West entered into possession of the property under the agreement and constructed thereon a building to be used as a restaurant, of the approximate value of $40,000. At the time of the filing of the dispossessory proceedings Dixon was operating the restaurant under an agreement with West.

1. It is asserted by Trio that the agreement was not enforceable in that it lacked mutuality and is not based upon a consideration. The contract is not unilateral or lacking in consideration. *Friedsam v. Underwood,* 216 Ga. 508 (2) (117 SE2d 530) (1960); *Shell Petroleum Corp. v. Stallings,* 51 Ga. App. 351 (2) (180 SE 654) (1935).

2. It is argued by Trio that the contract is

unenforceable because it was not signed by Tyroff under written authority from Trio, the owner of the property.

James Tyroff owns 90% of the stock of Trio and his wife owns the remainder of the stock. Tyroff is the president of Trio, and Trio's debt for the purchase of the property is being paid by him from his personal checking account. The rents he has received from West have been applied to Trio's indebtedness. Tyroff as president of Trio is authorized by the written by-laws of the corporation to enter into contracts for the corporation. Trio has engaged in no substantial business since 1973.

The trial judge did not err in finding that Trio is bound by the lease contract of James Tyroff.

3. It is contended by Trio that specific performance of the lease should not be decreed because the terms of the lease are not clear, distinct, and definite; the contract was not reasonable; West has not shown a substantial compliance with his part of the agreement; and West came into court with "unclean hands."

The agreement contains the essential elements of a lease contract. The parties have not provided for all eventualities, but they have operated under their contract for more than a year. It is not so indefinite as to prevent specific performance.

The testimony of Tyroff and West is in sharp dispute as to their negotiations prior to entering into the lease. Tyroff testified that it was to be a temporary arrangement, and that he would not have rented the property for a long period of time at the rent specified. However, the written instrument he signed was for five years, renewable for another five years. There was testimony that an investor could hope to receive a larger rental for the property. The trial judge was authorized to find that the rent agreed upon was reasonable under the circumstances existing when the lease was executed, and that West had expended a substantial sum in reliance on the lease which would make it inequitable to dispossess him.

The only contention by Trio as to West not complying with his contract was that he failed to pay the September, 1976, rent by the first of September. West testified that he mailed his check for the September rent prior to the first of

September, but that the check has never been presented to his bank for payment. The contract requires only that the rent is "payable monthly," and not that it be paid on the first day of the month. The rent for September and October, 1976, was paid by Dixon and accepted by Tyroff.

Trio's contention that West sought equitable relief with "unclean hands" is based on the assertion that the lease was not binding on Trio and that West had "unclean hands" in relying on the lease and constructing a building on the property. Since the lease was valid and binding on Trio, there is no merit in this contention.

*Judgment affirmed. All the Justices concur.*

Argued November 15, 1977 — Decided January 5, 1978.

*Taylor W. Jones,* for appellant.
*Charles T. Ballard, Driebe & Lawson, Charles J. Driebe,* for appellees.