18906. JONES *v.* ROPER *et al.*

STEPHENS, J. 1. Where a person purchased an entire apple crop in an orchard, relying upon the seller's representation that the crop consisted of between three and four thousand bushels, and gave his note for the purchase-price, payable in thirty days, and where, after he had gathered about two hundred and fifty or two hundred and sixty bushels of apples, he ascertained that this was all of the crop that was ready to be gathered, and made a new agreement with the seller by which the time for payment stated in the note was extended, and in lieu of that note gave a second note, relying upon the seller's representation that the orchard would, from a later crop, produce the number of apples originally represented, the purchaser, in giving the second note upon the second representation, waived the right to rely upon fraud, if there was any, arising out of the first representation as to the number of apples in the orchard. *Edison Electric Co.* v. *Blount,* 96 *Ga.* 272 (23 S. E. 306); *McGinnis* v. *McCormick,* 28 *Ga. App.* 144 (110 S. E. 341). Where the purchaser afterwards ascertained that the late crop would not produce the number of bushels of apples which the seller represented it would produce, and that therefore the orchard would not produce that number, the purchaser could have rescinded the contract for fraud, if there was any, arising out of the seller's representation as to the amount of apples which the orchard would yield from the late crop, by promptly repudiating the contract and offering to restore to the seller the benefits received by the purchaser. A mere notification to the seller by the purchaser, after he had discovered the fraud, that he would not take any more apples, unaccompanied by any offer to restore the benefits received, did not amount to a rescission of the contract by the purchaser, but amounted only to notice of a refusal to carry out the contract. An indefinite offer by the purchaser to pay for the apples already received without stating the price or value which he offered to pay, which offer was made on condition that the seller would release the purchaser from the contract, and which does not appear to have accompanied the offer to rescind, was not such a definite, unconditional offer, timely made, to restore the benefits received by the purchaser under the contract, as would be a basis for rescission of the contract by the purchaser. Where the purchaser, in a communication to the seller, expressly repudiated the contract and notified the seller

that he would not carry it out, upon the express ground that the seller had indicated an intention to repudiate the contract by appropriating to her own use fifteen bushels of the apples in the orchard, and the purchaser requested a return of his note for the purchase-price, but did not offer restitution, this act of the purchaser, while it indicated an attempt by him to rescind the contract, not on account of fraud, but for an act by the seller which amounted to no more than a breach of warranty, if that, constituted no rescission of the contract by the purchaser. In a suit by the seller against the purchaser, upon the second note, where the only evidence adduced as tending to show a rescission of the contract by the purchaser was as indicated above, the evidence was not sufficient to authorize an inference that the purchaser had rescinded the contract.

2. Where, in a suit upon a note given by the defendant for the purchase-price of apples, it appears from uncontradicted evidence that the defendant received some of the apples, which were of value, and did not pay for them, the evidence is insufficient to authorize an inference that the consideration totally failed.

3. Since it appears conclusively from the evidence that the defendant had not established any defense to the note, he can not dispute the title of the plaintiff as a transferee upon the ground that the plaintiff was not a bona fide purchaser for value. Civil Code (1910), § 4290.

4. The evidence was insufficient to authorize the verdict found for the defendant. *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 21, 1929.

*John E. Frankum, H. E. Edwards,* for plaintiff.
*McMillan & Erwin, J. C. Edwards,* for defendants.