GROOVER *et al. v.* BRANDON *et al.*

No. 15293.   OCTOBER 5, 1945.
REHEARING DENIED NOVEMBER 19, 1945, DECEMBER 3, 1945.

154

160

*Sam Dettelbach* and *G. S. Peck,* for plaintiffs in error.

*John I. Kelley, H. H. Hamrick,* and *Frampton E. Ellis,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■
The defendant Camp made a written motion to vacate the temporary restraining order as modified at interlocutory hearing, on the grounds: (1) The trial court passed an order permitting the defendant to pay the amount of his bid to the bank, and to receive a deed in compliance with his bid, which has been done. (2) The order further provided that the defendant would be enjoined as stated, conditioned upon the petitioner paying to the defendant "all amounts due under the note and security deed [from Groover to the bank] maturing and unpaid prior to the date the defendant Camp pays said bid and all amounts thereafter as and when payable, and on default in any such payments by plaintiff, defendants may apply to this court for a modification of restraining orders," which order was modified directing payment into court. (3) The petitioner has not complied with the conditions of the order, but has paid into the registry of the court only the sum of $187.14 without any statement of what it purports to cover. (4) To obtain the deed from the bank and get title to the land, the defendant has had to pay in addition to his bid of $2164.93, taxes for 1943 and 1944 in the sum of $205.57. (5) The maturity of the

entire loan had been accelerated before the property was advertised, and the sale was for the purpose of paying the full amount of the indebtedness due under the security deed on account of defaults therein, as provided in the security deed. (6) The defendant has not only paid the amount of his bid, but thereafter has paid the taxes, as provided in the former orders, and the petitioner having failed to deposit such sums in court as provided in the orders, the temporary and conditional restraining order heretofore passed should be revoked.

It was alleged in the petition that the property in question was conveyed to Groover in trust to secure him against any loss by reason of his paying off or giving his personal note in payment of the petitioner's indebtedness to the bank, and that the petitioner would reimburse Groover as to all amounts paid by him in extinguishment of her note, together with interest thereon at the rate charged by the bank. While the petition does not refer to the $187.14, which Camp says was subsequently paid into the registry of the court, it does charge that he and Groover entered into a conspiracy whereby the latter, who under his trust relation was obligated to pay the installments to the bank, and in turn be reimbursed by the petitioner, failed to make the payment, but on the contrary notified the bank that no more payments would be made and for it to sell the property, the purpose being to cause the maturity date on the entire debt to be accelerated and thereby to enable Camp to acquire title to the property.

The insistence of the plaintiff in error is that since the maturity date of the entire debt had been accelerated, the petitioner was under the court's order, required to pay the entire amount of the debt into the registry of the court. The judgment modifying the temporary restraining order, which was not excepted to, was conditioned upon the petitioner paying to Camp, after his payment of the bid, all amounts due under the note and security deed from Groover to the bank, maturing and unpaid prior to the date Camp paid the bid, "and all amounts thereafter as and when payable." Under a proper construction of this language, the petitioner was not required to pay the full amount of Groover's debt to the bank into the registry of the court, and the defendants did not insist that the $187.14 which was paid into court was insufficient to meet the installment that Groover would have had to pay

**162**

to the bank in the event the maturity date had not been accelerated as above indicated.

The trial judge did not err in denying the motion to vacate the restraining order.

■ Taking the allegations of the petition to be true, as must be done in considering the general demurrer, sufficient facts were alleged to constitute agency. It is alleged that, while the property of the petitioner was being advertised under a power of sale in a security deed executed to the bank, Groover went to see the petitioner and offered to make a loan to her for an amount sufficient to pay off her indebtedness, and suggested that she get in touch with Camp who would handle the transaction. In response to such suggestion, the petitioner called upon Camp, and entered into an agreement with Camp and Groover whereby for a commission of five percent Groover agreed that he would "assume" her indebtedness to the bank, either by paying off the same or by giving his personal note therefor, and would have the bank "extinguish" her liability to it on the indebtedness. To secure Groover for his assumption of the liability to the bank, the petitioner, at the direction of Groover and Camp, executed to Groover a warranty deed conveying the property in question with the distinct understanding between the parties that, while the deed was in form a warranty deed, it was in reality intended and was to be a deed to secure Groover against any loss by reason of his paying off the indebtedness or giving his personal note to the bank. It was agreed that the petitioner would reimburse Groover as to all amounts paid by him to the bank in extinguishment of her note, together with interest thereon at the rate charged by the bank. Groover went to the bank and arranged a loan for an amount sufficient to take care of her indebtedness, gave the bank his note for such amount, and secured the same by a deed to secure debt to the property in question. The petitioner remained in possession of the property and paid to Camp and Groover as their compensation for handling the transaction a commission of five percent of her indebtedness to the bank.

It can not be seriously contended that a relationship of agency was not alleged to exist between the parties. The petitioner was indebted to the bank. That indebtedness was secured by her property. It was about to be sold. The defendants, Camp and

Groover, offered for a consideration to perform a service for her, to act for her in obtaining her release from liability to the bank, and to substitute one of themselves as the bank's debtor. It was proposed that Groover would accomplish the petitioner's release from liability either by paying off the indebtedness or by giving his note and extinguishing her liability. For this service Camp and Groover were to be paid and were actually paid a commission of five percent. The property was conveyed to Groover to secure him in his right to be reimbursed by the petitioner, who remained in possession of the property.

"The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf." Code, § 4-101. In such a relation the utmost fidelity was imposed upon the agents. The principal could in law rely upon the alleged agreement of one of the agents to release her from liability either by paying off the indebtedness or by giving his personal note with an agreement by the bank that such note would itself extinguish the liability of the petitioner. Code, § 108-107; *Smith* v. *Harvey-Given Co.*, 182 *Ga.* 410, 414 (185 S. E. 793); *Chandler* v. *Georgia Chemical Works*, 182 *Ga.* 419, 422 (185 S. E. 787, 105 A. L. R. 837); *Murray County* v. *Pickering*, 196 *Ga.* 208 (2) (26 S. E. 2d, 287).

Counsel for Camp and Groover insist that under the allegations of the petition Groover did not agree to pay future installments on his personal note, that when the bank accepted Groover's note their contract was fully complied with, and that he and Camp were under no duty to inform the petitioner when the bank notified them that the property would be sold because Groover's note was in default.

The allegations of the petition as a whole negative this contention. They show that when Mrs. Brandon entered into an agreement with Camp and Groover, at their request, she conveyed her property to Groover as security upon his agreement either to pay off her indebtedness or to give a note therefor. The petition further shows that when this was done Groover was to have the bank extinguish her liability to it, and she in turn would reimburse him for such amounts as he paid the bank; also that Mrs. Brandon paid a commission of five percent to Camp and Groover. In the

circumstances, considering the alleged relations and conduct of the parties, both Camp and Groover were the agents of Mrs. Brandon for the purpose of negotiating and executing this transaction, and in the premises all of the obligations of an agent to a principal became operative. Accordingly, Mrs. Brandon had a right to rely upon Groover to pay the installments on the note which was executed in his name, with the obligation on her part to reimburse him in the amount of such payments.

3. On account of the alleged relationship of principal and agent which existed between the petitioner and the defendants, even if it were assumed that the contention of the defendants was correct as to who was required to pay future installments to the bank, this would not relieve them, after receiving notice that the property was being advertised for sale, from communicating such information to the petitioner. It was alleged that prior to the maturity of the installment the defendants had conspired to defraud the petitioner by preventing her from knowing that they were not going to pay future installments, in order that they might bid the property in at the sale and thereby divest her of her equity.

A conspiracy is defined as "the combination of two or more persons to do: (a) something that is unlawful, oppressive, or immoral; or (b) something not unlawful, oppressive, or immoral, by unlawful, oppressive, or immoral means; or (c) something that is unlawful, oppressive, or immoral, by unlawful, oppressive, or immoral means." 1 Eddy on Comb. § 171; *Horton* v. *Johnson*, 192 *Ga.* 338, 346 (15 S. E. 2d, 605); *Peoples Loan Co.* v. *Allen*, 199 *Ga.* 537 (34 S. E. 2d, 811). The conspiracy is not the gravamen of the charge, but may be both pleaded and proved as aggravating the wrong complained of and enabling the petitioner to recover in one action against all as joint tort-feasors. *National Bank of Savannah* v. *Evans*, 149 *Ga.* 67 (99 S. E. 123); *Bentley* v. *Barlow*, 178 *Ga.* 618 (173 S. E. 707). "So far as the conspiracy is concerned, no further specification is required than the general terms in which it is pleaded in the declaration; and this is true although the jurisdiction of the court to render judgment against one or more of the defendants depends upon allegations and proof of conspiracy." *National Bank of Savannah* v. *Evans*, supra; *Walker* v. *Grand International Engineers*, 186 *Ga.* 811, 820 (199 S. E. 146).

The allegations of the petition as amended set forth a conspiracy between Camp and Groover to defraud the petitioner by preventing her from knowing, after she had been lulled into a sense of security, that property, which she had deeded to one of the defendants under the terms of the agency referred to in the preceding division, was to be sold by the bank because of default in the payment of an installment, it being alleged that the defendants conspired to bid it in and thus defeat the rights of the petitioner, and accordingly any act done by either of the conspirators is chargeable to the other. *Peoples Loan Co.* v. *Allen,* 199 *Ga.* 537 (supra).

■ While counsel for the defendants cite a number of cases to show that an allegation of insolvency is necessary before injunctive relief can be granted, there is an exception to the above principle where, as in the present case, the allegations are that the petitioner is without an adequate remedy at law, or that the injunction is necessary to avoid a multiplicity of actions. Code, § 37-1501; *Mayer* v. *Coley,* 80 *Ga.* 207 (7 S. E. 164); *Burns* v. *Hale,* 162 *Ga.* 336 (3) (133 S. E. 857); *Pullen* v. *General American Credits Inc.,* 186 *Ga.* 642 (198 S. E. 747).

■ The contention that the petition set forth no cause of action for the reason that it failed to allege a proper tender is without merit. The allegations of the petition as amended show that Mrs. Brandon made a tender to the defendants, Groover and Camp, of all amounts which she was under any duty to pay to them or to the bank, and further that the defendants not only refused to accept the amount tendered, but declined to accept $500 in addition thereto, and expressly stated that they would not accept the tender unless the petitioner added to the amount, which she was under duty to pay to the defendants, $1000 as a profit on their bid.

Since equity will not require a useless formality, it is unnecessary to make a tender where the party to whom the offer is made states that the tender would be refused if made. *Miller* v. *Watson,* 139 *Ga.* 29 (2), 32 (76 S. E. 585); *Tolbert* v. *Short,* 150 *Ga.* 413 (5) (104 S. E. 245); *Alexander* v. *Chipstead,* 152 *Ga.* 851, 864 (7) (111 S. E. 552); *Fraser* v. *Jarrell,* 153 *Ga.* 441 (3) (112 S. E. 487); *Peoples Bank* v. *Fidelity Loan & Trust Co.,* 155 *Ga.* 619 (5) (117 S. E. 747); *Grant* v. *Hart,* 192 *Ga.* 153 (3) (14 S. E. 2d, 860).

■ In addition to the general demurrer, the defendants filed special demurrers to the original petition, the amendments thereto, and the petition as finally amended, which demurrers, counting the subheads, raise more than seventy grounds as to the sufficiency of the petition. After a careful and painstaking examination of each, we find no error in the rulings thereon; nor is any specific authority cited in support of any ground.

*Judgment affirmed. All the Justices concur.*