33774. CARNATION *v.* PRIDGEN.

Decided October 23, 1951.

*Jesse J. Gainey, D. E. Griffin, James T. Gainey,* for plaintiff.
*McDonald & McDonald, H. B. Sutton,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ The special grounds of the amended motion for a new trial are merely amplifications of the general grounds, and will be treated

with them. One of the contentions of the plaintiff is that the record contains no evidence from which the jury would be justified in finding that the plaintiff was not a holder in due course and for value of the instrument sued upon, for which reason it was error to allow the defendant to testify, at one point, that he never received the grapevines. As stated in *Silver* v. *Sellers,* 59 *Ga. App.* 690, 692, (2 S. E. 2d, 216), once the defendant has carried the burden of showing that the transfer of a negotiable instrument is a mere colorable transaction, "an obligation is then imposed upon the plaintiff to prove that he came into possession of the instrument fairly and under such circumstances as entitles him to recovery. Evidence that he took for value and before maturity is not sufficient. He must disclose the facts and circumstances under which he came into possession of the instrument." From the testimony of the witness Love an inference is demanded that, so far as he was personally concerned, he transferred the notes with the purpose of forestalling any defense which the maker thereof might attempt to urge against the contract. This would not affect the plaintiff's rights, however, provided she was not a party to any fraud or illegality affecting the instrument and had no actual knowledge of any infirmity, defect, or other facts so that her action in taking the instrument amounted to bad faith. Code, §§ 14-506, 14-508. The only infirmity or defect alleged by the defendant is that there was a total failure of consideration, in that he did not receive the grapevines and they were never delivered to him. The defendant, however, testified that prior to the date of delivery he informed the seller that he did not intend to accept the grapevines, which amounted to a breach of the contract, the same being non-concellable. The plaintiff offered the testimony of E. L. Love that, in spite of this notice, the seller did bring the grapevines to Fitzgerald and notified the defendant of the time and place of delivery according to the terms of the contract. This would amount to a tender of the vines. Code, § 20-1106. Tender is "an offer to deliver something, made in pursuance of some contract or obligation, under such circumstances as to require no further act from the party making it to complete the transfer. It may be either of money or of specific articles." Bouvier's Law Dictionary (Rawle's

3rd Revision). But if, as the defendant testified, he did not receive the first notice that the grapevines were to be in the hotel in Fitzgerald, but did receive the second notice a day or two later that, since he had not called for them, they were being held for him at the home of Peyton Walker, between his home and Fitzgerald, he admitting that he had previously written Love that he did not intend to take the vines, this does not change the situation, since it is unnecessary to make a tender where the party to whom the offer is made states that the tender would be refused if made. *Groover* v. *Brandon*, 200 *Ga.* 153 (5) (36 S. E. 2d, 84). Upon this breach of contract by the vendee, the vendor then elected to retain the vines as the vendee's agent (see Code, § 96-113), and for this purpose heeled them into the ground a short distance from the vendee's house and again notified him to come for them.

It thus appears from the evidence that the defendant had no valid defense against the note, even though it had remained in the hands of the original payee, and for this reason the defendant wholly failed to show any facts which could be said to charge the plaintiff in this case with knowledge of any infirmity or defect in the instrument or any other facts so that her taking it amounted to bad faith. See *Jones* v. *Roper*, 39 *Ga. App.* 309 (3) (147 S. E. 156). Under these circumstances, a verdict in favor of the defendant was not authorized by the evidence.

The trial court erred in overruling the motion for a new trial as amended.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*