38409. G. V. CORPORATION v. BOB TODD
REALTY COMPANY, INC. .

. DECIDED JULY 13, 1960.

*Walter E. Baker, Francis G. Jones, Jr.,* for plaintiff in error.
*Everett L. Almon, Floyd E. Stonecypher,* contra.

TOWNSEND, Judge. ■ "A promise conditional on the doing of some act may be rendered binding by the act, while it may give no right to compel the doing of it." *Morrow v. Southern Exp. Co.,* 101 Ga. 810, 812 (28 S. E. 998). "A contract is not deprived of mutuality by reason of the fact that the liability of both parties is contingent on the happening of a condition precedent." 17 C. J. S. 447, Contracts, § 100. In *Wehunt v. Pritchett,* 208 Ga. 441, 443 (67 S. E. 2d 233) the sale contract was by its terms "conditioned upon the final consummation of the sale of property known as 605 Spencer Street, East Point, Georgia, as per contract secured by Tucker Realty Co." It was not alleged Spencer Street property had in fact been sold, and the court said: " 'The test of mutuality is to be applied as of the

time the contract is to be enforced; and if the promisee accomplish the object contemplated, then the promise is rendered valid and binding . . .' *Hall v. Wingate,* 159 Ga. 630 (1c) (126 S. E. 796); *Hollingsworth v. Peoples Bank of Carrollton,* 179 Ga. 704 (3) (177 S. E. 743). However the present petitioner was not bound to buy until he sold his Spencer Street property. As long as he was not bound to buy, the defendant was not bound to sell. No valid and enforceable contract could arise between the parties until the performance of the condition by the petitioner. The contract in question shows on its face that it is lacking in mutuality, and that such lack of mutuality *can be cured only by a meeting of the condition therein expressed."* (Emphasis added).

The sale contract in question here was binding on no one until and unless the property was rezoned so as to permit the erection of apartments thereon. We need not decide whether the language of the last extension of time "From May 26, 1959, to June 26, 1959, or will be closed 10 days after zoning is approved" meant that the rezoning might be effectuated within a reasonable time after June 26, or meant that the closing date must be June 26, or 10 days after the rezoning, whichever occurred first. The rezoning did in fact take place within the time allowed by the stricter construction of the clause. If by any chance the more liberal construction would have rendered the contract void for uncertainty as to time, then such a construction should not be given unless it is demanded, because "the law leans against the destruction of contracts on the ground of uncertainty." *Pierson v. General Plywood Corp.,* 76 *Ga. App.* 853, 855 (47 S. E. 2d 605). The petition was not subject to general demurrer on the ground that the contract was unenforceable.

■ It is further contended that the petition sets out no cause of action because there was no proper tender of performance. It is alleged that the seller was at all times ready, willing and able to deliver good title; that the plaintiff requested the defendant to consummate the transaction, and that the defendant refused to do so. A tender is not required where the party to whom the offer is made states that the tender would be refused if made. *Groover v. Brandon,* 200 Ga. 153 (36 S. E. 2d 84). Under the

allegations of the petition it does not appear that the defendant refused to perform because of insufficient tender of the deed to the property or any like reason; he having refused to purchase at all, no tender of the deed was necessary.

Since the petition set out a cause of action there was no error in overruling the general demurrers. Certain special demurrers were also overruled, but as the assignments of error thereon are not argued or insisted on they are not here considered.

*Judgment affirmed. Gardner, P. J., Carlisle and Frankum, JJ., concur.*