21496. BURNAM *et al.* v. WILKERSON.

Submitted January 9, 1962—Decided February 9, 1962.

*John M. Hancock, Jr.*, for plaintiffs in error.

*Nunn, Aultman, Hulbert '& Buice*, contra.

QUILLIAN, Justice. ■ The defendants, Henry and Bessie Burnam, plaintiffs in error here, insist that, notwithstanding *Code Ann.* § 110-1208 (Ga. L. 1959, pp. 234, 236) explicitly denying the right of appeal to a judgment overruling a motion for summary judgment, this court should consider the exception taken in their bill to the judgment overruling their motion for such relief made in this case.

The act of 1957 (Ga. L. 1957, pp. 224, 230) embodied in *Code Ann.* § 6-701 contains the provision: "Where bill of exceptions is permissible, all judgments, rulings, or orders rendered in the case which are assigned as error, and which may affect the proceedings below, shall be reviewed and determined by the appellate court, without regard to the appealability of such judgment, ruling or order standing alone, and without regard to whether the judgment, ruling or order excepted to was final or was subject to review by some other express provision of law contained in this section, or elsewhere." It is the defendants' contention that the two acts are inconsistent and that the act of 1957 should be given preference and applied in the present case.

The act of 1953 (Ga. L. 1953, pp. 440, 453; *Code Ann.* § 6-905) dispensed with exceptions pendente lite which were formerly employed to preserve antecedent rulings made in the progress of the trial. Thus, the quoted clause of the 1957 act was simply intended to allow all such rulings as were formerly the subject of exceptions pendente lite to be brought to the appellate courts together with exceptions to the final judgment entered in

the case, and was not intended to provide that rulings that were not previously subject to exceptions could be appealed.

The rule that must be applied here is stated in *Board of Tax Assessors v. Catledge,* 173 Ga. 656 (1) (160 SE 909): "The cardinal rule in the construction of legislative enactments is to ascertain the true intention of the General Assembly in the passage of the law. As a general rule, the use of plain and unequivocal language in a legislative enactment obviates any necessity for judicial construction, and indeed forbids an interpretation of the meaning of the words employed by the General Assembly."

Hence, it is apparent that there is no conflict in the act of 1957 and the act of 1959, but if there were, the act of 1959 would prevail since it is the last legislative expression on the subject. *Lamar v. Allen,* 108 Ga. 158 (33 SE 958).

■ We are cognizant of the rule announced in *Williams v. Manchester Bldg. Supply Co.,* 213 Ga. 99, 101 (97 SE2d 129): "A court of equity will not decree the specific performance of a contract for the sale of land unless there is a definite and specific statement of the terms of the contract. The requirement of certainty extends not only to the subject matter and the purpose of the contract, but also to the parties, consideration, and even the time and place of performance, where these are essential. Its terms must be such that neither party can reasonably misunderstand them." However, the option contract in the present case is couched in plain language and its terms are direct and specific as to the parties, consideration and time and manner of performance. Its terms could not be reasonably misunderstood.

The defendants, however, contend the option is ambiguous because it provides that they, the optionors, agree "as joint and several owners" of the lands described in the instrument to convey to the optionee for a stated purchase price. The criticized clause is not ambiguous, but on the contrary tends to describe the agreement of the parties. It simply obligates the optionors to convey the described lands whether they own the entire tract jointly, or are the proprietors of separate parcels of land that compose the whole tract. Parties may enter into joint contracts to do whatever may be lawfully done by more than one individual.

■ The defendants correctly contend that an essential allegation of a petition for specific performance brought by an optionor is that the purchase price of the land has been paid, or that a valid tender of the same to the optionee has been made, unless such tender is waived as in the case where the optionee by declarations or conduct waives such tender. There is no averment in the petition that the purchase money was paid, but there are allegations that a tender was actually made prior to the filing of the suit, and that the defendants by their declarations and conduct indicated that tender of the purchase money, if made, would not be accepted.

The defendants urge that the petition does not show, except by a general allegation amounting only to a conclusion of the pleader, that tender of the purchase price agreed upon in the option was actually made to them. The mere general allegation that a tender has been made does amount to no more than a conclusion of the pleader and is insufficient. In the case of *Cothran v. Scanlan*, 34 Ga. 555, 557, it is held: "The general statement that tender was made, is not enough. It is as defective as a general averment of fraud. That a tender was made is a conclusion of the pleader simply. He must state the facts which constitute a legal tender."

A similar ruling with explanation is found in *Jolly v. Jones*, 201 Ga. 532 (1) (40 SE2d 558), "In order to support a suit by a purchaser for specific performance of a contract for the purchase and sale of land, it must be made to appear that before the institution of the action the purchaser had paid the purchase-money in accordance with the terms of the contract, or else had made an actual unconditional tender thereof, or that such a tender had been waived. *Terry v. Keim*, 122 Ga. 43 (49 SE 736); *Roberts v. Mayer*, 191 Ga. 588 (1) (13 SE2d 382).

"While, under the provisions of the *Code*, § 20-1105, the rule of the common law that an actual production of the money must be shown (see *McGehee v. Jones*, 10 Ga. 127, 132) has to that extent been relaxed—since if the tender is in money 'the coin need not be actually presented, unless demanded'—nevertheless, there must be an actual, present bona fide offer to pay; and such requirement is not met by merely evidencing

a willingness to pay, or by an offer or intention to make a tender. *Baldwin v. McLendon*, 164 Ga. 387 (138 SE 775); *Pope v. Thompson*, 157 Ga. 891 (2) (122 SE 604); *Payne v. Power*, 140 Ga. 759 (79 SE 771)."

We do not construe the petition to attempt in general terms to allege tender of the purchase price stipulated in the option. On the contrary, the time, place and circumstances in which the plaintiff tendered to the defendant the sum of $16,000, the full purchase price agreed upon, was definitely alleged. There was the further averment that the plaintiff at the time of making the tender, which was prior to the filing of the suit, was ready, willing and able to pay the sum tendered and has ever since been ready and able to pay the amount tendered. The rule is stated in *Toomey v. Read & Gresham*, 133 Ga. 855, 856 (4) (67 SE 100): "A plea of tender alleging a tender of the amount of principal and interest due, when due, and that tenderor had at all times been ready and willing and able to pay said amount, is not subject to general demurrer." Similar holdings are found in *Bailey v. Turner*, 150 Ga. 823 (4) (105 SE 471); *Thurman v. Lee*, 181 Ga. 408 (182 SE 609); *Clark v. C. T. H. Corp.*, 181 Ga. 710, 717 (184 SE 592).

The allegations of tender in the present case measure up to the requirements of *Code* § 20-1105 and standards of good pleading.

■ The petition sufficiently set forth not only a valid tender of the agreed purchase price stipulated in the option, but also related facts which if true showed that the optionors, defendants in this case, by their declarations and conduct waived such tender. It was alleged that upon tender being made before the suit was brought it was refused by the defendants.

The petition further alleged that before the time in which the option could, according to its terms, be exercised, the plaintiff notified the defendants that he would come to their home on the following day to pay the purchase money and close the sale of the lands, and that the defendants left their home and avoided contact with the plaintiff, thus preventing him of making further tender of the amount he was required to pay for the lands described in the option. It is a familiar rule that: "Since equity will not require a useless formality, it is unnecessary to

make a tender where the vendor, by conduct or declaration, proclaims that, if a tender should be made, acceptance would be refused." *Kaplan v. Krantz,* 202 Ga. 194 (2) (42 SE2d 371); *Fraser v. Jarrett,* 153 Ga. 441 (3) (112 SE 487); *Black v. Milner Hotels, Inc.,* 194 Ga. 828, 832 (4) (22 SE2d 780); *Higdon v. Dixon,* 203 Ga. 67, 71-72 (45 SE2d 423).

■ The defendants finally urge that the petition should have been dismissed because in one count it set forth that a tender was made, and that the defendants by declaration and conduct proclaimed they would not accept the tender if made. In the manner alleged in the petition the two allegations do not appear to be inconsistent. But if they were, or if they tended to set up two grounds of recovery in a single count, the defect was one of duplicity and should have been raised by special demurrer. *Grant v. Hart,* 192 Ga. 153, 155 (4) (14 SE2d 860); *Saliba v. Saliba,* 201 Ga. 577, 578 (2) (40 SE2d 511).

*Judgment affirmed. All the Justices concur.*