### 22386. MURRY v. LETT.

ARGUED MARCH 10, 1964—DECIDED APRIL 13, 1964.

R. P. *Herndon,* for plaintiff in error.

*Philip T. Keen,* contra.

QUILLIAN, Justice. ■ "Where parties depart from the terms of a contract and receive or pay money under the departure, reasonable notice must be given to the other party of the intention to rely upon the exact terms of the contract before there can be any recovery for failure to comply with its exact terms. Until notice, such departure is a quasi new agreement." *Verner v. McLarty,* 213 Ga. 472, 475 (1) (99 SE2d 890), and cases therein cited. A purchaser who acquires a note after default of an installment "is not a holder in due course, but takes the in-

strument with notice of its dishonor, and subject to any defense or equity which could be pleaded as against the original payee." *Verner v. McLarty,* 213 Ga. 472, 476, supra, and cases cited. Therefore, it is clear that the allegations of the instant petition were sufficient to show a contractual modification which was binding upon the defendant as a subsequent transferee, until she gave the requisite notice of intent to require strict compliance with the terms of the original agreement.

■ The allegations set out that payment in the form of a check was tendered and returned without comment by the defendant's attorney. Even if we assume that such tender might have been returned because of an objection to the medium of payment, yet where the tender is rejected without specifying the basis of the rejection, the right to object is waived. *Aggregate Supply Co. v. Sewell,* 217 Ga. 407, 412 (2) (122 SE2d 580). It would be a useless formality, abhorrent to equity, to require the plaintiff to take further action where tender has been rejected and the prospective recipient, the defendant, has by course of conduct evinced a purpose to reject any subsequent tender. *Miller v. Watson,* 139 Ga. 29, 32 (76 SE 585); *Burnam v. Wilkerson,* 217 Ga. 657, 662 (4) (124 SE2d 389). Hence, the trial judge should not have dismissed the petition on the ground that there was failure by the plaintiff to make tender to the holder of the instrument prior to bringing the suit.

■ The suit being an equitable action to set aside the sale of certain property it was necessary that the petition set forth the plaintiff's right or equity in the property. The petition related that the plaintiff acquired her equity in the property by deed from Floyd Foster who inherited the same as the widower of Annie Ackerman. Thus, it became essential that the petition show that Foster was in fact the widower of Annie Ackerman. There were averments in the petition which undertook to show a common law marriage between Floyd Foster and Annie Ackerman existed prior and up to the time of her death. These allegations were too vague and inconclusive.

However, the direct declarations set out in the petition: "that immediately upon the death of said James [Felder] Ackerman, the ceremonial common law marriage of said Annie Ackerman

and Floyd Foster became legal," and after the death of Annie Ackerman Foster "her widower, Floyd Foster, who was in feeble health conveyed the property . . . to plaintiff herein, reserving unto himself a life interest by warranty deed"—according to the holding of the five-justice case of *Lefkoff v. Sicro*, 189 Ga. 554 (11) (6 SE2d 687, 133 ALR 738), was sufficient. The *Lefkoff* case treats the allegations that certain parties are husband and wife as that of an ultimate fact and not as a conclusion of the pleader and holds: "The allegations that the plaintiff and the deceased were married were not subject to demurrer, as being a mere conclusion of the pleader. *Brown v. Parks*, 169 Ga. 712 (3) (151 SE 340, 71 ALR 271)."

The trial judge erred in sustaining the oral motion to dismiss.

*Judgment reversed. All the Justices concur.*