40660.   LEGGETT et al. v. TODD et al.

DECIDED MAY 12, 1964—REHEARING DENIED JULY 6, 1964.

*Gibson & McGee, Lamar Gibson,* for plaintiff in error.

*Conyers, Fendig, Dickey & Harris, Albert Fendig, Jr.,* contra.

RUSSELL, Judge. ■ The trial court instructed the jury: "If you should find that the check in question, if given, was wholly without consideration; that the defendant was not indebted to the plaintiff in that amount or in any other amount whatever, *and* that she did not intend to give the plaintiff any such check and did not know that she was doing so, but that the same was obtained by fraud, then I charge you that the plaintiff would not be entitled to recover." He then charged that if there was a valid contract fully complied with by the plaintiff the plaintiff would be entitled to recover. This was followed by a correct instruction that the plaintiff would not be entitled to recover should the jury find the contract was not complied with *or* was void by reason of fraud on the part of the plaintiff. It thus appears that the court at one point erroneously put the burden on the defendant of sustaining both of her defenses in order to win a favorable verdict, and thereafter correctly placed on her a burden to prove either of them. The court should not give conflicting rules of law in charge and leave the jury to choose between them; where an erroneous statement is made it is not cured by a correct statement in another portion of the charge unless the jury's attention is called to the correction by a retraction of the erroneous statement or in some other like manner. *Wheeler v. State Hwy. Dept.,* 106 Ga. App. 323 (126 SE2d 808); *Brewer v. Covington,* 104 Ga. App. 857 (123 SE2d 343); *Gurley v. Hardwick,* 98 Ga. App. 334 (106 SE2d 53); *Western &c. R. v. Mansfield,* 98 Ga. App. 421 (105 SE2d 804); *Snellings v. Rickey,* 57 Ga. App. 836 (197 SE 44). The jury might well have been confused as to whether the defendant needed to prove both or only one of her defenses in order to prevail. Ground 6 of the amended motion for a new trial is meritorious and demands a reversal of the case.

■ In view of the full testimony from both sides as to the

services rendered by the plaintiff and the defendant's reasons for refusing to accept the high bid obtained at the auction, it is immaterial that the court refused to allow the defendant to respond to the question: "I'll ask you if you ever got anything at all of value to you or Mr. Leggett from the J. L. Todd Auction Company?" on the ground that it was a mere opinion of the witness. However, the ruling in *Brown v. Brown*, 89 Ga. App. 428 (6) (80 SE2d 2) does not mean that such opinions should necessarily be excluded where the facts on which they are based are before the jury, but only that a witness cannot state, in the form of an opinion, the ultimate conclusion which the jury must draw from the facts. It is possible that the witness might have replied in the affirmative, in which case the question of what she received of value would be one of fact. No harmful error is shown here.

■ In special ground 1 the defendants complain of an instruction that if the jury should find all elements of a valid contract to be present it should be enforced according to its terms unless void by reason of fraud on the part of the plaintiff, because it authorized the jury to enforce the contract without regard to whether or not the plaintiff had itself performed its obligations thereunder. The court also charged: ". . . look to the evidence and ascertain whether or not the plaintiff had fully complied with the terms and conditions of said contract which was applicable to it; whether or not it had done all of the things that it was obligated to do thereunder. . . If, on the other hand, you should find that the plaintiff had not complied with the terms of the contract, or that the contract had been rendered void by reason of some fraud on the part of the plaintiff against the defendants, as the defendants contend, then the plaintiff would not be entitled to recover." This portion of the charge was not subject to the exception urged.

■ The court submitted to the jury the meaning of that part of the contract reciting: "First party agrees to pay second party 15% cash on day of sale of the total consideration of said sale," stating that the plaintiff contended "sale" meant a bona fide purchase offer accompanied by a cash binder, and the defendants "contend that they owe the plaintiff nothing because there was

no delivery of a deed to the property by them and no payment of the purchase price to them." It is noteworthy that the contract here is the same as that involved in *Rountree v. Todd,* 210 Ga. 226 (78 SE2d 499), where it was held that commissions were earned, not by a consummated sale, but by the procurement of a bona fide bid. This fact was alleged in the pleadings in *Rountree;* here it is not alleged in the pleadings but the testimony shows that both parties understood that the seller would not have the right to refuse performance, absent any fraud or breach of contract on the part of the auctioneer, and thereby escape all liability, nor did she so contend in the pleadings. That part of the charge next following which stated: "The defendants, on the other hand, contend that they owe the plaintiff nothing because there was no delivery of a deed to the property by them and no payment of the purchase price to them" is, standing alone, too restrictive and an inaccurate statement of the defendant's contentions. Her true position as shown by the pleadings and evidence was not that she had an arbitrary right to refuse to consummate the sale and avoid commissions, but that she did not owe commissions because her refusal to consummate the sale was justified. The error was harmless, however, since its only effect was to give the defendant the benefit of a contention which she was not urging and to which she was not entitled.

■ The alleged error in special ground 1 is unlikely to recur, and special ground 3 has been abandoned. The evidence was sufficient as against the general grounds of the motion. It is unnecessary to decide whether, under the terms of the contract between the plaintiff and the defendant, it was necessary for the plaintiff to produce a high bidder ready, willing, and able to pay cash on the day of the auction, or whether the offer reciting that one-third of the purchase price was received in cash with the balance payable in 30 days was sufficient. This amounted to a tender of performance within 30 days. If the tender was insufficient because not in cash, this objection was waived by the defendant when she refused to accept the bid, not on this ground, but because she considered it inadequate. A formal tender is unnecessary where the party to whom the tender is made responds with an unqualified refusal to perform which makes it

clear that the tender will not under any circumstances be accepted. *Arnold v. Empire Mut. Annuity &c. Ins. Co.,* 3 Ga. App. 685 (60 SE 470) ; *Groover v. Brandon,* 200 Ga. 153 (36 SE2d 84) ; *Nickelson v. Owenby,* 208 Ga. 352 (66 SE2d 828).

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*