22754. BURNAM et al. v. WILKERSON.

ARGUED JANUARY 11, 1965—DECIDED FEBRUARY 4, 1965.

*William H. Alexander, D. L. Hollowell, John M. Hancock, Jr.*, for plaintiffs in error.

*Hubert A. Aultman*, contra.

ALMAND, Justice. This is an action for specific performance of an option contract to sell land. R. A. Wilkerson brought the action against Henry and Bessie Burnam in the Superior Court of Houston County. The material allegations of plaintiff's petition were as follows: that the defendants, for a consideration of $1.00, gave the plaintiff a 120 day option on October 31, 1959, to purchase certain land described in the option; that prior to the expiration date of the option, plaintiff advised defendants that he accepted the option and tendered the purchase price of $16,000, but defendants refused the tender and refused to comply with their contract; that on February 27, 1960, plaintiff spent the entire day searching for defendants to tender the purchase price to them, but the defendants left home in order to

avoid the plaintiff, thereby making tender impossible; that the option contract is fair and equitable and "that the consideration therein contracted to be paid for said land is reasonable and adequate, and represents the fair market value of said land at the time the contract was executed." In their answer the defendants assert that they did not intend to sell the tract of approximately 100 acres described in the option, but only 30 acres and that they were led to believe the option was for 30 acres instead of approximately 100. The defendants also alleged in their answer that "the offer of sixteen thousand ($16,000) dollars is unfair, unjust and inadequate as a consideration for the said one hundred acres, more or less."

The trial court overruled a general demurrer to plaintiff's petition and this court affirmed in *Burnam v. Wilkerson,* 217 Ga. 657 (124 SE2d 389). The case has now been tried and a verdict returned in favor of the plaintiff. A motion for new trial and a motion for judgment notwithstanding the verdict were overruled. Error is assigned on the order overruling these motions.

In both their motion for new trial and their motion for judgment notwithstanding the verdict, the defendants assert that the verdict is without evidence to support it. The defendants rely on the rule stated in *Code* § 37-805. That Code section provides: "Mere inadequacy of price, though not sufficient to rescind a contract, may justify a court in refusing to decree a specific performance; so also any other fact showing the contract to be unfair, or unjust, or against good conscience." Defendants insist the verdict is contrary to law and the principles of equity because: "The defendant Henry Burnam, at the time the option was signed, was unable to read and write. The defendant Bessie Burnam was not in her best of health because of a prior physical injury. The plaintiff was in good health and was sophisticated in matters regarding real estate." There was testimony that the terms of the option were read and explained to Henry and Bessie Burnam. This was sufficient evidence from which the jury could find that the defendants understood the terms of the option contract they were entering into and to negate any inference of inequity or unfairness which the evidence cited above by the defendants might suggest.

The defendants further insist that there is no evidence to show that the purchase price of $16,000 was adequate, and therefore the judgment of the court decreeing specific performance cannot stand. There is evidence in the record to show the following: at the time the option agreement was signed, title to the property described in the option was not good; plaintiff made a trip to Cleveland and employed attorneys and a surveyor in an attempt to have the defective title cleared; the F.H.A. would not make loans in the area where the property described in the option was located; that a large drainage ditch ran through the land in question; that $16,000 was the fair market value of the property described in the option at the time the option was given; and that property in the vicinity of the land in question sold for $200 an acre in December of 1959. In view of this evidence, we cannot say that the purchase price of $16,000 for the land (approximately $162 per acre) was inadequate or that the judgment decreeing specific performance is without evidence to support it. Though there was testimony that the fair market value of the land in question would be $1,000 an acre if the title were good, in view of the defects in title and the testimony that the fair market value of the land in question was $16,000, the court did not err in overruling the motion for a new trial or in overruling the motion for judgment notwithstanding the verdict. *Whitehead v. Dillard,* 178 Ga. 714, 717 (174 SE 244).

*Judgment affirmed. All the Justices concur.*