41255. LEGGETT et al. v. TODD et al.

FRANKUM, Judge. This is the second appearance of this case in this court. See *Leggett v. Todd,* 110 Ga. App. 41 (137 SE2d 742). Upon the retrial of the case the jury again returned a verdict for the plaintiffs in the amount of the check sued on. Defendants made a motion for a judgment notwithstanding the verdict and a motion for a new trial on the general grounds which they amended by the addition of one special ground complaining of a portion of the charge of the court to the jury on the ground that it authorized the jury to base its verdict upon the defendants' waiver of the plaintiff's failure to secure a bona fide bid in accordance with the terms of the contract. This assignment of error is not meritorious. The only evidence introduced by the defendants was a copy of the circular or handbill advertising the sale and a copy of the contract between the plaintiffs and the defendants authorizing the plaintiffs to conduct the sale. There was not one iota of evidence that the bid rejected by the defendants was not a bona fide bid. The defendants' answer, while at-

tempting to raise an issue as to prior fraudulent representations by the plaintiffs' agent inducing them to execute the agreement for the plaintiffs to conduct the sale, was wholly ineffectual for that purpose. However, assuming that their answer was sufficient for this purpose, there was no evidence in support of those allegations. They further pleaded expressly that as a result of the breach of such prior representations, the high bid obtained upon the sale of the property was only $27,600, which was less than the $55,000 they contended the plaintiffs had represented to them the property would bring upon its sale. This pleaded defense clearly shows that the sole reason for the defendants' rejection of the bid was on account of the inadequacy in the amount thereof, and there was thus no issue made either by the defendants' plea and answer or by the evidence introduced on the trial of the case raising any issue as to the bona fides of the bid. The charge complained of could not be construed as authorizing the jury to go beyond the evidence and find a verdict for the plaintiffs on the basis of some issue not made by the pleadings or the evidence. Accordingly, the trial court properly overruled the special ground of the motion for a new trial.

The evidence authorized the verdict for the plaintiffs, and the court properly overruled the general grounds of the motion for a new trial and the motion for a judgment notwithstanding the verdict.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

ARGUED APRIL 7, 1965—DECIDED MAY 11, 1965—
REHEARING DENIED JUNE 14, 1965.

*Gibson, McGee & Blount, Lamar Gibson,* for plaintiffs in error.
*Conyers, Fendig, Dickey & Harris, Albert Fendig, Jr.,* contra.