## 42622. STATE HIGHWAY DEPARTMENT v. HEWITT CONTRACTING COMPANY.

ARGUED MARCH 8, 1967—DECIDED APRIL 5, 1967—
REHEARING DENIED APRIL 21, 1967—

*Arthur K. Bolton, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, John A. Sligh, Jr.,* for appellant.

*B. Hugh Burgess, Greene, Buckley, DeRieux, Moore & Jones, Ferdinand Buckley, John D. Jones, C. Richard McQueen,* for appellee.

DEEN, Judge. ■ ■ Since no paragraph relating to the elements of damage held by this court to set out a cause of action has been changed or affected by the renewed demurrers, it follows that the case continues to set forth a cause of action regardless of the content of the amendment. To arrive at this conclusion, it was necessary for the court to examine the amendment filed, that is, to look to the merits of the case, in order to see whether the general demurrer to the petition as amended was good. Since error is enumerated on overruling the general demurrer this court must take jurisdiction to decide the question, from which it follows that the motion to dismiss the appeal is without merit even though the general demurrer to the amended petition is unavailing. The case differs from *Bryan v. Digby,* 112 Ga. App. 134 (144 SE2d 230) in that there only special demurrers were insisted upon, and this court stated that it would not consider merely by implication that the trial court had sought to re-adjudicate the question presented by general demurrer.

■ A tender must be "in full of the specific debt, and not in part." *Code* § 20-1105. The original claim in this case including interest was $1,414,348.40. The decision of this court held the petition to state a cause of action for only $50,553.09. On July 28, 1966, the plaintiff amended to meet the deficiencies held to exist as to the other items of damage thereby returning the claim to its original amount. On August 9, 1966, the defendant tendered into court the sum of $50,553.09 with the con-

dition attached that on acceptance by the defendant the clerk of court should mark the case "settled in full and dismissed." The tender was not in full of the amount claimed at the time it was made, and it attached a condition not authorized by law. *Heath v. Miller,* 205 Ga. 699 (54 SE2d 432). It did not render the case moot, as contended in the motion to dismiss the appeal.

■ Paragraph 25, which sought damages resulting from the refusal of the resident engineer in charge of the project to allow plaintiff to crush 261,000 tons of rock removed from excavations on the job for use as base and paving material was held subject to demurrer because of the failure to allege that the decision was made in bad faith or through failure to exercise honest judgment, and to contain allegations showing this to be the case. *State Hwy. Dept. v. Hewitt Contr. Co.,* supra, p. 695. The amendment to this paragraph alleges that at the time the engineer refused plaintiff's request he knew (a) that the rock was a proper material for use for this purpose, although he stated otherwise, and (b) that because of defendant's errors in elevations shown by the contour lines on designated plat sheets, he also knew there would be several hundred thousand cubic yards of waste, at a time when he insisted that there would not in fact be sufficient waste to make the required fills. "Allegations stating the knowledge and intention of the opposite party usually constitute allegations of fact rather than conclusions, even as against a special demurrer." *Beavers v. Johnson,* 112 Ga. App. 677, 679 (145 SE2d 776) and cit. Paragraph 25 sets out a cause of action for $195,750 damages entailed because of increased costs connected with the double hauling.

The provisions of Sec. 4.07 of the Standard Specifications forbidding a claim by the contractor for damages because expected use of materials indicated on the plans as existing, and later found not to be present, does not bar this item of damages because, as we have held, the factual allegations as to bad faith or failure to exercise an honest judgment are sufficient to raise a jury question.

■ Paragraph 44, held subject to demurrer because it failed to allege that plaintiff notified the Highway Department "that construction of the project was being delayed by and the delay in removal of the [DeKalb County] water main or that it

requested additional time . . . because of . . . such delay . . . in accordance with Section 8.08 [Standard Specifications]" was amended to allege that plaintiff gave the defendant written notice on June 12, 1959, that the DeKalb County Water Works System refused to move the pipe from across the right of way and requested defendant's assistance in having it moved; that on July 2, it again gave defendant written notice of the continued refusal and that such delay would delay completion of the final project; that since it had no power to relocate the pipe or force the county to do so it requested the defendant to do so; that on October 6 it gave a third notice in which it stated it expected an equitable adjustment of working days due to the delay. On November 17, prior to the expiration of time under the contract, it requested a 90-day extension chargeable to this source; defendant replied thereto that it would defer action on this request until the project was completed. Defendant's refusal thereafter to grant any extension of time for this cause is alleged to have been in bad faith.

Under 8.08 of the specifications, the department will grant an extension of time where it finds the work was delayed on account of unusual conditions beyond the control of the contractor. The request for such additional time must be made before contract time expires, which was done. If the defendant was at fault in not making a specific request for this purpose when the delay started, this requirement was waived by the defendant's acknowledgement of the request after the pipe was moved and its statement that it would consider the request after completion of the contract. It was settled when the case was here before (p. 700) that the Highway Department had the burden of providing the necessary right of way for construction and the plaintiff the duty of co-ordinating the activities of the utilities under the contract. The petition as amended sets out a defense to the claim against the plaintiff for liquidated damages based on the alleged 90 days' delay after notice to the department that the right of way was barred by reason of the barricade erected by the DeKalb Water Works System.

■ Paragraphs 28, 30 and 31 have been stricken. As to the items of damage therein, the allegations now bring these claims within the rulings in State Hwy. Dept. v. W. L. Cobb Constr. Co.,
■

111 Ga. App. 822 (5) (143 SE2d 500) and *State Hwy. Dept. v. Wright Contracting Co.*, 107 Ga. App. 758 (1) (131 SE2d 808, 1 ALR3d 1260). See *Hewitt Contracting Co.*, supra, p. 696. The same ruling is applicable to Paragraphs 34, 37 and 38. As to Paragraphs 19 and 41, however (id. p. 696), the mere addition of a statement that the dispute in classification on payment for work was a result of fraud on the part of the defendant, with no facts stated to support this conclusion, leaves it subject to ground 31 of the renewed demurrers. *Moore v. Wells*, 212 Ga. 446 (93 SE2d 731). It was held in City of San Antonio v. McKenzie Constr. Co., 136 Tex. 315 (150 SW2d 989), that, where an engineer is called on to make a decision under the construction contract, his decision cannot be set aside for "fraud," "misconduct," or "gross mistake," simply by proving that some other engineer would have acted differently or given a different decision, nor can it be impeached simply on a conflict of evidence as to what he ought to have decided.

■ Paragraphs 18, 20, 21, 22, 23, 24, 26 and 27 were formerly held subject to demurrer because the plaintiff showed no compliance with Standard Specifications 5.15 requiring the contractor to give written notice of intention to claim extra compensation, and showed no facts excusing compliance with the notice provision. The paragraphs were stricken. The petition now alleges in brief that it was impossible to compute a bid without reference to the plat contour and elevation lines; that these contained gross errors in excavation and fill quantities at almost every station; that these errors were discovered in late 1957 by the defendant's road design engineer, who, however, withheld the information from plaintiff to induce it to make a low bid on the contract and in doing so the defendant acted in bad faith. Additional errors were discovered by the defendant's engineer in November, 1958; these, also, were concealed from the plaintiff. In early 1959 the resident engineer, Johnson, discovered the errors and learned that it would be necessary to waste several hundred thousand tons of rock (waste being surplus excavation). There are additional allegations of very large quantities of waste concealed from the plaintiff, all of which was alleged to have been done in bad faith, and to have resulted both in additional work and in performing the work

done in a less efficient and more time-consuming manner than would have occurred had the plaintiff had proper information. There are sufficient fact allegations to support the "gross mistake" excuse for failure of plaintiff to give the written notice until January 15, 1960, at which time notice was allegedly given.

The various special demurrers attacking these allegations as conclusions were properly overruled. Primarily they complain that contour and elevation markings are not specifically identified, that the written notice was not attached to the petition, and so forth. There is in the record a "Plan and Profile of Proposed Freeway Project." Pages 117, 118 and 119 contain lines and figures which the petition refers to as contour lines and elevations, and the court accepts them as such. The petition need not set out the evidence relied on, reasonable certainty being sufficient even as against special demurrer. *Georgia, S. & F. R. Co. v. Williamson*, 84 Ga. App. 167 (65 SE2d 444); *Wood v. Hub Motor Co.*, 110 Ga. App. 101 (137 SE2d 674). The written notice is not the cause of action sued on, that being the contract, but the fact that it was given is a condition precedent to recovery, and an averment of compliance is all that is necessary. *Code* § 81-105; *Corbin v. Shadburn*, 49 Ga. App. 91 (1) (174 SE 259). These allegations have eliminated the defects pointed out by the court when the case was here before. The special demurrers to Paragraphs 1 through 11 of the amendment were properly overruled.

The trial court erred in overruling the demurrers to Paragraphs 19 and 41 of the petition as amended. The remaining demurrers were properly overruled.

*Judgment affirmed in part; reversed in part. Frankum, P. J., and Quillian, J., concur. Frankum, P. J., not participating on rehearing.*