48500. REESE v. IDEAL REALTY COMPANY et al.

DEEN, Judge.

This appeal arises out of two suits; one by Bennie Auerbach as prospective purchaser of certain alleged realty against Pearl Reese as seller for damages for breach of contract; and the other by Ideal Realty Company and a real estate broker against Pearl Reese as seller for commissions under the same contract. Appeal was taken from the Civil Court of Fulton County, entering judgment in favor of the two plaintiffs against the defendant. This is the third appearance of these cases before this court. For a full statement of the facts and dispensation of the two prior cases, see *Ideal Realty Co. v. Reese,* 122 Ga. App. 707 (178 SE2d 564), and *Reese v. Ideal Realty Co.,* 128 Ga. App. 684 (197 SE2d 829). *Held:*

1. The defendant contends that the contract for the sale of the real property contains an inadequate description. The plaintiffs contend that the sufficiency of the contract has already been determined in the prior appearance before this court on summary judgment in *Ideal Realty Co. v. Reese,* 122 Ga. App. 707, supra.

A ruling made on summary judgment may establish the law of the case on a subsequent trial. *Martell v. Atlanta Biltmore Hotel Corp.,* 120 Ga. App. 880 (172 SE2d 842). There is nothing to the contrary contained in *Sanders v. Alpha Gamma Alumni Chapter,* 107 Ga. App. 403 (130 SE2d 255). On the prior appearance of that case in *Sanders v. Alpha Gamma Alumni Chapter,* 106 Ga. App. 137 (126 SE2d 545), the court found the pleading in

question was deficient but also found on motion for summary judgment that the facts did not establish such deficiency, hence summary judgment was not proper. Then in the subsequent case, the court considered the pleading on general demurrer and found it there to be deficient.

In *Ideal Realty Co. v. Reese,* 122 Ga. App. 707, supra, this court set forth the description of the property in the contract. It did not expressly rule on that description but made the determination that the contract was sufficient to authorize the plaintiffs to recover on the same. Since the defendant would have been entitled to summary judgment in her favor if the contract had been insufficient for any reason, this precludes our considering the sufficiency of the contract in this case. The defendant had she any objection which she wished to raise in this regard should have done so on the prior appearance of the case and in its absence will be bound by the aforesaid ruling.

2. On the prior appearance of the case in *Ideal Realty Co. v. Reese,* 122 Ga. App. 707, supra, this court found there was sufficient proof to sustain the plaintiffs' tender to the defendant of the necessary down payment check in the sum of $15,750, and of the security deed and note in the sum of $36,750. Such ruling, however, is not controlling where the evidence offered at the trial differs from that offered on the summary judgment motion. *Moorman v. Williams,* 107 Ga. App. 640 (2) (131 SE2d 238); *Davis v. Wight,* 207 Ga. 590 (1) (63 SE2d 405).

On the trial of this case there was undisputed evidence that the witnesses went to Mrs. Reese with a certified check and tendered it, and that they also had documents which they now contend were the evidences of indebtedness, the note and security deed. These latter the court did not admit in evidence because, while one witness was "pretty sure" they were the precise documents, the witness who had custody of them at the interview was not present to testify to this fact. However, there is no challenge to the authenticity of the documents or lack thereof, because Mrs. Reese, immediately on being offered the check, took the position that no tender would be accepted. It is unnecessary to make a tender,

to prove that a tender legal in every particular has been made, where the person to whom it is offered will not accept it even though it were a perfect tender. *O'Neal v. Spivey,* 167 Ga. 176 (145 SE 71); *Fitzgerald v. Vaughn,* 189 Ga. 707 (7 SE2d 78); *Burnam v. Wilkerson,* 217 Ga. 657 (124 SE2d 389); *Carnation v. Pridgen,* 84 Ga. App. 768 (67 SE2d 485). A tender is not required where the party to whom the offer is made states that it will be refused if made. *Nickelson v. Owenby,* 208 Ga. 352 (66 SE2d 828); *G. V. Corp. v. Bob Todd Realty Co.,* 102 Ga. App. 190 (115 SE2d 611). "Where the tender is rejected without specifying the basis of the rejection, the right to object is waived." *Murry v. Lett,* 219 Ga. 809 (136 SE2d 348).

There was obviously no real issue as to whether the proper papers accompanied the tender of the check, and there was no objection to the tender on the ground of insufficiency. There was simply a straight out refusal to accept any tender. Under these circumstances the appellant cannot obtain a reversal of the judgment because of a failure of proof which her own actions caused and her refusal waived.

3. There are further enumerations of error on the admission in evidence of the contract of sale, photocopy of check drawn on the credit of the Federal Reserve Bank, the computer tape measurement of acreage of land survey, and field notes of the survey. None of these rulings shows reversible error. Mrs. Reese identified her signature on the contract of sale, which allowed the purchaser an option of one of three methods of paying for the property. The method chosen was number 3, 30% cash at closing and the balance in ten equal instalments, plus 7% interest on the unpaid balance. The price stated in the sale contract was $52,500 or $7,000 per acre, whichever was greater. The president (owner at the time the survey was made) of the surveying corporation testified that the survey notes were made and preserved in the regular course of business of the company, were fed into a calculator, and that the computer tape exhibit was the result of these items and showed the actual area to be 7.028 acres, thus making $52,500 a per-acre price of slightly over $7,000. While the original of the check drawn by the Federal Reserve Bank, and showing

plaintiff as the remitter (referred to in the testimony as a "cashier's check") should have been accounted for by sworn testimony rather than by the statement of counsel, or an attempt to have the court take judicial notice that such checks are returned to the bank and destroyed where not negotiated, it would be of no advantage to the defendant to have the case reversed on this technical ground. The evidence on both this and the prior appearance of this case demands a finding that the defendant did not wish to close under the option chosen by the plaintiff; that the tender was refused, and that the check was in fact what the exhibit purports. The motions to dismiss on the ground that the legal description was too vague and indefinite was decided contrary to appellant's contentions in 122 Ga. App. 707, supra.

*Judgment affirmed. Hall, P. J., Eberhardt, P. J., Evans, Clark and Stolz, JJ., concur. Bell, C. J., Pannell and Quillian, JJ., dissent.*

ARGUED SEPTEMBER 11, 1973 — DECIDED MARCH 5, 1974.

*E. E. Moore, Jr., J. C. Daugherty,* for appellant.
*Kaler, Karesh & Frankel, Ira L. Rachelson,* for appellees.

QUILLIAN, Judge, dissenting as to Division 2.

Here, the burden was upon the plaintiffs to establish they made a valid tender. See Code § 20-1105; *Daniel v. Dalton News Co.,* 48 Ga. App. 772, 773 (173 SE 727); *Rochester Capital Leasing Corp. v. Christian,* 109 Ga. App. 818, 821 (137 SE2d 518) and cases cited; *Bruce v. Crews,* 39 Ga. 544 (3). For there to have been a valid tender, these three actions were essential: (1) tender of a check for the down payment in the amount of $15,750, (2) tender of a promissory note in the amount of $36,750, (3) tender of a security deed.

The plaintiffs introduced evidence with regard to the tender of a check, but the trial judge found that there was insufficient evidence to establish that two security instruments which were offered in evidence were the ones which were allegedly tendered to the defendant. The

instruments were ruled out and do not appear in the evidence before us. While it was established that "something" was tendered (which certainly is not enough), it was not shown that the essential promissory note or the essential security deed was tendered.

The cases cited by the majority deal with the principle that waiver results where tender is rejected without a statement that the ground of objection is the medium of payment. There is no waiver where a full tender is not made, unless the party unmistakedly refuses any tender. Code § 20-1105 requires a tender "in full of the specific debt, and not in part." *State Highway Dept. v. Hewitt Contr. Co.,* 115 Ga. App. 606 (1b) (155 SE2d 422).

There is no evidence here that would support a finding that the defendant by her action waived *any* offer of tender. Compare *Blount v. Lynch,* 24 Ga. App. 217, 221 (2) (100 SE 644); *Leggett v. Todd,* 110 Ga. App. 41 (5) (137 SE2d 742). The plaintiffs having the burden of showing that they made a full and complete tender failed to do so and hence a verdict in their favor should not stand.

I am authorized to state that Chief Judge Bell and Judge Pannell concur in this dissent.