## 51557. RICHARDS & ASSOCIATES, INC. v. FIDELITY SOUND, INC.

EVANS, Judge.

Southern Electric Company, Inc., offered a bid for a hospital communications system in a hospital to be constructed at Dalton, Georgia. Southern Electric based its bid upon a proposal of Fidelity Sound, Inc., a Florida corporation, for the furnishing of the equipment. The bid was accepted. Subsequently, Fidelity Sound, Inc. was unable to supply the equipment. The architect on the job refused to accept the substitute equipment, and more expensive equipment was purchased and installed.

Richards & Associates, Inc. acquired all of the assets and liabilities of Southern Electric Company, Inc. It then sued Fidelity Sound, Inc. for the breach of its contract with Southern, seeking damages in the amount of $32,505.56, resulting from the difference in price of the other equipment that it was required to purchase.

The defendant denied the indebtedness. After discovery, plaintiff moved for a summary judgment. A partial summary judgment was granted in favor of the plaintiff against the defendant in that "they did enter into a contract for the sale of certain equipment which contract defendant failed to perform."

The case then proceeded to trial before a jury "on the issues of actionability for the non-performance of the defendant, and the amount of damages, if any, suffered by plaintiff." Verdict and judgment were rendered for the defendant, and plaintiff appeals. *Held:*

1. As a result of the summary judgment holding that there was a valid contract between the parties for the sale of certain communications equipment, which contract the defendant failed to perform, the court then charged the jury as follows: "After a breach . . . the buyer may cover by making in good faith and without unreasonable delay any reasonable purchase of or contract to purchase goods in substitution for those due from the seller. The buyer may recover from the seller as damages the difference between the cost of cover and the contract price together with any incidental or consequential damages as herein defined, but less expenses saved and consequence of the seller's

breach."

Plaintiff contends that under this charge, he was entitled to damages, and his motion for directed verdict and judgment notwithstanding the verdict should have been granted. But the decision as to acceptance of the substitute equipment was left to the discretion of the architect. The defendant contends the architect had acted in bad faith or as a result of a gross mistake. If this be shown by the evidence, a jury issue would be made as to whether the architect had acted in bad faith, arbitrarily or capriciously, so as to amount to an abuse of his discretion.

2. Defendant had been unable to furnish the equipment but had offered a substitute, thus the jury had for consideration whether or not the architect acted in bad faith or as a part of a gross mistake in holding that the substitute equipment simply did not meet the specifications and should not be accepted.

3. The architect testified as to the reasons he rejected the proposed equipment, and there was other testimony that the equipment used was completely different and provided additional services and equipment not covered by the contract. There was a jury issue as to whether he abused his discretion in requiring more expensive and additional equipment. The decision as to the architect would be binding on the parties, as to matters he is authorized to determine, except in the case of fraud; gross mistake as would necessarily imply bad faith; or failure to exercise honest judgment. See *Skinner v. Smith,* 120 Ga. App. 35 (169 SE2d 365); *State Hwy. Dept. v. Hewitt Contracting Co.,* 115 Ga. App. 606 (155 SE2d 422).

4. The court having charged that the buyer may cover by making in good faith any reasonable purchase in substitution, and there being testimony that the equipment purchased was not reasonable but provided additional services not covered by the contract, there is no merit in the complaint that the evidence demanded a finding of damages for the plaintiff.

5. Errors are enumerated as to the testimony of a witness concerning conversations and understanding and purported oral agreements which contradicted the terms of the written contract in contravention of the parol

evidence rule (Code Ann. § 109A-2—202). But examination of the transcript (T. 241-245) fails to disclose a proper objection. The objections were incomplete. At p. 242, we find the following: "Mr. Black: I would suggest that we are getting into the parole [sic] evidence rule on another matter and I would like to approach the bench." This statement does not amount to an objection. Again, at p. 244 we find: "Mr. Black: We renew our objection to the hearsay as well as parole [sic] evidence."

Neither of the above amounts to a proper objection to the testimony. The hearsay portion was as to discussions with the plaintiff and hence would not be hearsay. As to the parol evidence question, no proper objection was made.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

ARGUED JANUARY 5, 1976 — DECIDED FEBRUARY 19, 1976.

*William V. Hearnburg,* for appellant.
*Sanders, Hester, Holley, Askin & Dye, J. Carlisle Overstreet, Travers W. Paine, III,* for appellee.